THE NEW YORK, NEW HAVEN AND HARTFORD RAIL-
ROAD COMPANY *vs.* LOUIS CELLA.

Second Judicial District, Norwich, October Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Although the right to the possession of land over which a railroad com-
pany has condemned a right of way, cannot be acquired by adverse
user by the owner of the tract through which such way runs (Gen-
eral Statutes, § 4047), that result may nevertheless be reached,
in effect, by the abandonment by the railroad company of its
easement in a portion of the land within the limits of its layout
and the consequent reversion of the right of possession in such
portion to the owner of the fee.
Abandonment is, in part at least, a question of intention, and may be
found as a fact from all the circumstances in the case.
An abandonment of a right of way is usually shown by acts which do not
and need not appear of record.
Mere nonuser and lapse of time, unaccompanied by any other evidence
showing an intention to abandon, may be sufficient to constitute
abandonment.
In the present case evidence was received tending to show that the
defendant and his predecessors in title had occupied a building
upon the land in question, which was within the limits of the
plaintiff's right of way, for more than eighty years under a claim
of right, and that such use and occupation was inconsistent with
the existence of the plaintiff's easement. *Held* that under these
circumstances the question of abandonment was one of fact for
the determination of the jury.
Declarations of a decedent landowner as to the location of a right of
way over his land are properly excluded if they do not appear to
have referred to the place in controversy.
The trial court instructed the jury that the plaintiff's right of way ex-
tended three rods on each side of the middle line as located on a

certain map. *Held* that in the absence of the evidence bearing upon this matter this court could not say that such instruction was erroneous.

A particular, specific assignment should be made of each alleged error which it is intended to pursue on appeal.

An assignment alleging error in excluding the testimony of the defendant "as stated in the stenographer's notes filed herein," which in fact contained three distinct objections and exceptions, is not sufficiently specific.

Argued October 15th—decided December 19th, 1912.

ACTION in the nature of ejectment, brought to the Superior Court in New London County and tried to the jury before *Shumway, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *Error and new trial ordered.*

*Abel P. Tanner* and *Herbert W. Rathbun,* for the appellant (defendant).

*Hadlai A. Hull* and *Frank L. McGuire,* for the appellee (plaintiff).

RORABACK, J.  The piece of land in controversy is situated in the village of Pawcatuck, in the town of Stonington, county of New London, and is bounded southerly and westerly by the railroad tracks and abutments to a bridge belonging to the plaintiff company.

The plaintiff alleged in its complaint that this land was a portion of its right of way which had been condemned for railroad purposes.

The defendant's answer, in addition to a general denial, contained two special defenses: first, that he and his predecessors in title had acquired title to the property by adverse user; second, that if any right of entry and possession ever belonged to the plaintiff, it had abandoned it.

The trial court in its charge withdrew the issues of adverse user and abandonment from the consideration

of the jury, and submitted only the question as to whether or not the defendant's store building was upon the plaintiff's right of way.

The errors properly assigned relate either to the instructions given to the jury, or to the rulings upon the admission of evidence. Error is assigned to several passages in the charge relating to the issues presented upon the question of adverse user and abandonment.

The plaintiff claimed, and offered evidence to prove, that in September, 1833, the New York and Stonington Railroad Company lawfully condemned a strip of land six rods wide, for railroad purposes, through the Noyes property, which easement the plaintiff now owns, and that the land described in the complaint is a portion of the Noyes tract.

The defendant denied that the. plaintiff had ever obtained title to this property, and also offered evidence to prove, and claimed to have proven, title by adverse possession for a long term of years, and that the plaintiff's right to the possession of this land had been abandoned.

It was conceded that one Thomas Noyes obtained title to these premises April 7th, 1800, from John Denison. Noyes died in the year 1844, owning the fee to the land in question. Prior to his death he permitted an old blacksmith shop to stand upon this lot. By successive conveyances from representatives and assigns of Thomas Noyes, the title became vested in the defendant. None of these conveyances recognize any right or title to this piece of land in the plaintiff or the parties under whom the plaintiff claims. Several of these muniments of title, some of which were warranty deeds, described the property therein conveyed as a "tract or parcel of land with a blacksmith shop thereon situated." The defendant obtained title by warranty deed in 1907. Subsequently he erected

DECEMBER, 1912. Conn.

New York, N. H. & H. R. Co. v. Cella.

upon the land a two-story building with a store and tenement.

The court said to the jury, in part: "Perhaps upon the face of it it may appear to you somewhat unjust that Cella and his predecessors in title, who may have occupied this land continuously for eighty years, should not have obtained title to it by possession and occupation. Of course, ordinarily the possession and occupation of land adversely to every other person gives the party occupying it absolute title, if that possession and occupation continues for fifteen years. But the law of this State, as fixed by the legislature, has provided that no occupation of land sequestered by a railroad for its location or right of way can be lost to the railroad by mere occupation by another, however long that occupation may continue. Whether for one year or eighty, it makes no difference. No person gets title to land which a railroad has taken, by occupation, however exclusive that occupation may be."

In another portion of the charge the court stated to the jury that if the defendant's building "is within that right of way, it makes no difference how long it has been there; he has acquired no right to the land, and can acquire none to it, under the law of this State."

This was error. The statute referred to by the trial court in its instructions was § 4047 of the General Statutes, which reads as follows: "If the owner or occupant of any land adjoining any railroad or canal has, since the tenth of June, 1831, taken, or shall take, into his enclosure any part of the land belonging to said railroad or canal, as located and established, or since that time has erected, or shall erect, any building upon any such land, no adverse possession of the land so enclosed or built upon shall confer any title thereto."

There is nothing in this statute which prevents the application of the law relating to abandonment. Clearly

the defendant could not claim title merely by adverse user, on account of the statute; but this did not preclude him, as a matter of law, from testing the question of abandonment. In effect the court instructed the jury that the statute alone controlled the question of abandonment. Abandonment, in part at least, is a question of intention, and it may be found as a fact from all the circumstances of the case. *Russell* v. *Davis*, 38 Conn. 562, 564; *Derby* v. *Alling*, 40 Conn. 410, 436; *McArthur* v. *Morgan*, 49 Conn. 347, 350. The interest of the railroad company was limited to a right of way, acquired under condemnation proceedings, over land now owned by the defendant. An abandonment of a right of way is usually shown by acts which do not appear of record, and it need not appear of record to be effectual. *Westcott* v. *New York & N. E. R. Co.*, 152 Mass. 465, 468, 25 N. E. 840. An abandonment of an easement may be found from nonuser accompanied by adverse occupation under claim of title, with recognition on the part of the owner—in this case by a railroad company—that such claim of title is well founded. *New York, N. H. & H. R. Co.* v. *Benedict*, 169 Mass. 262, 267, 47 N. E. 1027. Mere nonuser and lapse of time, unaccompanied by any other evidence showing an intention to abandon, may be enough to constitute abandonment. Such facts are competent evidence of an intention to abandon, and, if united with an adverse user of the servient estate inconsistent with the existence of the easement, may extinguish it. *Smith* v. *Langewald*, 140 Mass. 205, 207, 4 N. E. 571, and cases there cited. See also *Hartford Bridge Co.* v. *East Hartford*, 16 Conn. 149, 173; *Derby* v. *Alling*, 40 Conn. 410. The question of abandonment by the railroad company was one of intention to be gathered from all the facts.

The claims of the defendant on the subject of abandonment apparently were not set forth fully and in

detail in the finding, and the evidence is not before us, but enough appears to show that the trial court was not warranted in taking this question from the jury.

As we have seen, there are cases in which an abandonment of a right of way, or a portion thereof, may be inferred from nonuser accompanied by adverse occupation, under a claim of title with recognition on the part of the owner that such claim of title is well founded, or when such adverse use and occupation is inconsistent with the existence of the easement.

In the present case it appears that the defendant and his predecessors in title, had been in the adverse use and occupation of this strip of land under such circumstances as to render the question whether, in fact, there had been an abandonment, one for the consideration of the jury.

Thomas D. Sheffield, a witness for the defendant, was questioned as to declarations claimed to have been made by his deceased father, in relation to the location of the railroad of the plaintiff as it was originally constructed on land which was owned by the deceased. It was said that these declarations would show that the location of the railroad was entirely different from the one now claimed and used by the plaintiff. It is enough to point out that these statements did not appear to have referred to the place now in controversy, and they were properly excluded.

The defendant complains of certain passages in the charge relating to the location of the right of way of the railroad company. One part of the charge upon this subject contains the following statement: "I think with the evidence before you it is sufficient, perhaps, as a matter of law, I should instruct you on the evidence before you that you should find that the right of way condemned was three rods wide each side of the center line of the railroad as laid out on that map of 1835."

It does not appear that the defendant made any claim of law upon this branch of the case in the trial before the court below. No objections were interposed by the defendant to the admission of this class of evidence upon the hearing before the jury. In the absence of the evidence, which was not made part of the record, we cannot say that the trial court was in error in charging as a matter of law as to the location and width of the right of way.

One reason of appeal, which involves the action of the Superior Court in rejecting certain testimony of the defendant, Cella, states that "the court erred in ruling out and excluding the testimony of the defendant Louis Cella, as stated in the stenographer's notes filed herein." An examination of the record discloses that there were three exceptions relating to the testimony of Cella. We cannot sustain such an assignment. A special or specific assignment should be made of each alleged error which it is intended to pursue on appeal. *Hull* v. *Thoms*, 82 Conn. 647, 74 Atl. 925.

There is error and a new trial is ordered.

In this opinion the other judges concurred.