THE STATE OF CONNECTICUT *vs.* STANISLAW ZACK.

First Judicial District, Hartford, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 2d—decided March 2d, 1929.

*J. Clinton Roraback,* with whom, on the brief, was *Howard F. Landon,* for the appellant (the accused).

*Walter Holcomb,* State's Attorney, for the appellee (the State).

MALTBIE, J. The appellant was charged with the unlawful burning of a barn belonging to one of his neighbors, and having elected trial to the court without a jury was adjudged to be guilty. He gives as one of his grounds of appeal that the court erred "in his ruling on the admission and exclusion of evidence throughout the trial." This, of course, is not such a specific assignment of error as brings before us the various rulings upon evidence stated in the finding. *New York, N. H. & H. R. Co.* v. *Cella,* 86 Conn. 275, 281, 85 Atl. 521. We apply this rule with greater willingness in this case, because an examination of these rulings discloses either that they were clearly right or involved matters of no particular importance as regards the issues tried. The appellant also seeks very many corrections in and additions to the finding. We have no occasion to pass upon these claims, because the find-

ing would become material in this case only in the event of a claim on his part that the conclusion of the court as to his guilt was not properly supported by the facts found, and the appeal states no such ground of error. *State* v. *Frost*, 105 Conn. 326, 330, 135 Atl. 446. The only error so assigned as to require attention is that upon all the evidence in the case the appellant could not properly have been found guilty beyond a reasonable doubt. *State* v. *Frost, supra.*

The barn was burned at about 3.15 a.m., Saturday, May 7th, 1927. Its owner, when daylight came, discovered a track at the barway leading from the highway into the lot where the barn stood, and other tracks leading along the highway in the direction of the house where the appellant lived. These he followed for some distance, and a little later in the day they were traced by police officers and others along the highway for a distance, then through woodland and fields, until they came out again upon the highway very close to the house of the appellant, where they were lost. This trail was followed by means of footprints here and there and for a part of the way, it being early morning, by reason of the dew having been brushed from the grass. At one point in the fields, the track passed along beside plowed ground and in the edge of this a distinct footprint was found. When the officers in following the track came near the house of the appellant, they entered it, and found, drying before the fire, a pair of very wet shoes and stockings. One of the shoes fitted precisely the footprint found in the plowed field. The evidence disclosed a possible ground of ill-will on the part of the appellant toward the owner of the barn, not in itself seemingly of much moment, but capable of assuming importance by the brooding of such a man as the appellant appeared upon the trial to be, while living alone upon his rather remote farm.

The accused, in defense, sought to explain the footprint in the plowed land by telling of a search he had made in the late afternoon of the Thursday before the day on which the barn was burned for some heifers belonging to him which had strayed. That he did go down the roadway upon such a search on that day was corroborated by disinterested and credible testimony, but that he returned through the fields and particularly along the plowed land, as he claimed, rested upon his own testimony alone. That testimony fails to explain away the freshness of the trail followed by the officers on Saturday morning, and his corroboratory witness, together with some of his own evidence, indicated that the latter part of his course on Thursday did not correspond with the trail followed by the officers on Saturday morning. The appellant gave to the officers, according to their testimony, contradictory accounts as to his wearing of the shoe which fitted the imprint in the plowed land, his testimony was contradicted in several particulars by witnesses for the State, and in other respects even the printed record throws doubt upon his credibility as a witness. We cannot say that the court might not reasonably have refused to believe his testimony that the trail through the lots and particularly the footprint in the plowed field was made on Thursday. With this element out of the case, the evidence could reasonably be regarded by the court as establishing his guilt beyond a reasonable doubt.

There is no error.

In this opinion the other judges concurred.