## THOMAS DEREGIBUS
### vs.
## SILBERMAN FURNITURE COMPANY, INC.

Superior Court          Fairfield County          File #45315

Present:   Hon. NEWELL JENNINGS, Judge.

Walsh & Buckley,                 Attorneys for the Plaintiff.

Nathan Silberman;
Frank Rich,                      Attorneys for the Defendant.

124 Conn. 39

# MEMORANDUM FILED MAY 25, 1937.

JENNINGS, J. A statement of facts appears in the opinion of the Supreme Court reported **121 Conn. 633, 634.** The issue is there defined as follows **(p. 637):** "Has the adverse use of this way by the plaintiff, from June 1st, 1913, to April 25th, 1922, as tenant, and from the latter date to 1934 as owner of the fee, created an easement of way by prescription appurtenant to his property?" This question was answered in the negative on the ground that nothing in the finding justified a conclusion that the landlord represented to the tenant that such land was within the lease or that the landlord knew the tenant was occupying it and assented thereto or that there were other circumstances justifying the implication that it was occupied under and by virtue of the lease.

Shannon and McNally acquired the title on July 28, 1905. McNally is dead. Shannon testified that he always supposed he had a right of way over the disputed piece, that he would not have purchased it had he not had a right of way and that it was used by their tenants continuously with the knowledge and consent of himself and McNally as long as they (Shannon and McNally) owned it. The rule is that "the tenant cannot, without the direction or even the knowledge or consent of the landlord, effect a disseisin in his favor or originate adverse possession." **Id. p. 639.** The facts outlined above go far beyond the conditions laid down in this rule. The strip in question has been used as a passway for thirty-three years, without question or interruption except that which precipitated the present suit. It would be a great hardship on

the plaintiff to have his means of access cut off.

A new finding including the facts outlined in this memorandum will meet the objections to the former judgment. I am prepared to make such a finding.

Judgment for the plaintiff in accordance with his prayers for relief.