THE SAUNDERS POINT ASSOCIATION, INC., ET AL. *v.* CHARLES F. CANNON ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued February 8—decision released May 1, 1979

*Theodore A. Harris,* for the appellants (defendants).

*Kevin E. Booth,* with whom, on the brief, were *Leo J. McNamara* and *Cheryl V. Helms,* for the appellee (plaintiff Oswegatchie Hills Club, Inc.).

LOISELLE, J. The defendants have appealed from a judgment of the trial court that the plaintiff[1] Oswegatchie Hills Club, Inc., hereinafter designated as the club, had obtained a prescriptive right over a beach area owned in fee by the defendants. In their assignment of error, the defendants have attacked this conclusion and the subordinate findings supporting it.

The defendants, who acquired title to the beach in question by virtue of a deed recorded in the land records of East Lyme on March 22, 1971, claim that

---

[1] The trial court found that the named plaintiff, the Saunders Point Association, Inc., which was in existence less than fifteen years when this action was commenced, failed to sustain its burden of proving any rights by prescription. The court also found that the original individual plaintiffs, Charles Glendenning and Merton Ferguson, failed to sustain their respective burdens of proving prescriptive rights to the beach. Neither the named corporation nor the individual plaintiffs have appealed.

the right the club asserts is an easement in gross and that such an easement cannot be obtained by prescription. Easements are classified as either easements appurtenant or easements in gross. 25 Am. Jur. 2d, Easements and Licenses § 7. Two distinct estates are involved in an easement appurtenant: the dominant to which the easement belongs and the servient upon which the obligation rests. *Deregibus* v. *Silberman Furniture Co.,* 121 Conn. 633, 186 A. 553 (1936). An easement appurtenant must be of benefit to the dominant estate but the servient estate need not be adjacent to the dominant estate. *Phoenix National Bank* v. *United States Security Trust Co.,* 100 Conn. 622, 124 A. 540 (1924); *Graham* v. *Walker,* 78 Conn. 130, 135, 61 A. 98 (1905); 25 Am. Jur. 2d, Easements and Licenses § 11. An easement in gross is one which does not benefit the possessor of any tract of land in his use of it as such possessor. *Hartford National Bank & Trust Co.* v. *Redevelopment Agency,* 164 Conn. 337, 341, 321 A.2d 469 (1973). "An easement in gross belongs to the owner of it independently of his ownership or possession of any specific land. Therefore, in contrast to an easement appurtenant, its ownership may be described as being personal to the owner of it." Restatement, 5 Property § 454, comment a.

According to the finding, which is not subject to correction;[2] *Darling* v. *Burrone Bros., Inc.,* 162 Conn. 187, 192, 292 A.2d 912 (1972); the club does

---

[2] The defendants' assignments of error that were not briefed are considered abandoned. *Stoner* v. *Stoner,* 163 Conn. 345, 348, 307 A.2d 146 (1972). In its assignment of error, the club attacks two of the court's findings. The facts the club seeks to add or correct are already implied in the finding. *Walsh* v. *Turlick,* 164 Conn. 75, 77, 316 A.2d 759 (1972); *Blatt* v. *Star Paper Co.,* 160 Conn. 193, 201, 276 A.2d 786 (1970).

not hold title to any real property adjacent to the defendants' beach in its own name, but does hold record title to some facilities used by the club members. The Saunders Point Association, Inc., which holds its property for the use of the members of the club, however, owns a ten-foot-wide strip of land leading from Oak Street to the beach area on the Niantic River. The Niantic River end of the ten-foot strip abuts the beach area which is in dispute. The club maintains the properties of the Saunders Point Association, Inc., and pays the property taxes.

Based on the above findings, it is evident that the easement claimed by the club is one in gross. Although the club owned land in the vicinity of the beach, there is no fact found by the court that indicates that the easement was to benefit or enhance the value of any such land. The club enjoyed the use of the beach area as a personal right, rather than as an adjunct to other land the club owned.

The defendants claim that the trial court erred in concluding the club had a prescriptive right to use the beach because, they contend, an easement in gross cannot be obtained by prescription. As a general proposition, any person capable of receiving a grant of an easement may acquire one by prescription. 25 Am. Jur. 2d, Easements and Licenses § 40. In *Miller* v. *Lutheran Conference & Camp Assn.*, 331 Pa. 241, 247–48, 200 A. 646 (1938), it was stated in a situation where a corporation had obtained an easement in gross to bathing rights along the shore of a river that "[t]rue, these rights, not having been granted in connection with, or to be attached to, the ownership of any land, were not easements appurtenant but in gross. There is, however, no inexorable principle in law which forbids an adverse enjoy-

ment of an easement in gross from ripening into a title thereto by prescription." See also *Armstrong* v. *Cities Service Gas Co.*, 210 Kan. 298, 502 P.2d 672 (1972). As early as 1826, in the case of *Manning* v. *Smith,* 6 Conn. 289, this court recognized at least in dictum that an easement in gross if enjoyed for at least fifteen years could be obtained by prescription, but it could not be conveyed as an appurtenance to the land. In *Turner* v. *Selectmen of Hebron,* 61 Conn. 175, 188–89, 22 A. 951 (1891), it was held that an easement in gross could be obtained by prescription by one fishing in a pond in which the flowage rights were in another. This was reiterated in the case of *Great Hill Lake, Inc.* v. *Caswell,* 126 Conn. 364, 367, 11 A.2d 396 (1940), although this court cautioned that where such a right is claimed, when the use is in common with that of the public, it is difficult to prove. The court below was not in error in concluding that an easement in gross could be acquired by prescription.

The defendants next claim that the club's use of the right-of-way was not sufficiently open, notorious and exclusive to obtain a prescriptive right. The essential elements of a right by prescription are that "there must be a user which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right. General Statutes § 47-37; *Putnam, Coffin & Burr, Inc.* v. *Halpern,* 154 Conn. 507, 515, 227 A.2d 83." *Wadsworth Realty Co.* v. *Sundberg,* 165 Conn. 457, 463, 338 A.2d 470 (1973).

The finding of the court was that the members of the club have used the beach in question since 1940, and acted under the assumption that they had the right to use the beach. They used the beach in question in the presence of the defendants' prede-

cessors in title and never requested permission to use the beach. They would sit anywhere on the beach including the area in front of the property now owned by the defendants. The club never asked the defendants for permission to use the beach area. The members of the club believed that their right to use the beach derived from their membership and participation in the Oswegàtchie Hills Club, Inc., and was not a right which they had as individuals or by reason of mere residence. For years the club paid teenagers to rake the beach. Club members also raked the beach on a voluntary basis. From time to time the club would employ a lifeguard and station him on the beach. The trial court's conclusions are tested by the findings. *Plastic & Metal Fabricators, Inc.* v. *Roy,* 163 Conn. 257, 268, 303 A.2d 725 (1972). On the basis of the above findings, it is apparent that the trial court did not err in concluding that the plaintiff club's use of the beach was sufficiently open, notorious, continuous and uninterrupted for fifteen years to obtain a prescriptive right over it.

The defendants further contend that the club's use of the beach area was not exclusive. Where the use is in common with the public, the user must, in order to establish an independent prescriptive right, perform some act to the knowledge of the servient owner clearly indicating his claim of right. *Missionary Society* v. *Coutu,* 134 Conn. 576, 582, 59 A.2d 732 (1948). Whether the requirements for such a right have been met presents a question of fact for the trier. *Wadsworth Realty Co.* v. *Sundberg,* supra, 464; *Klein* v. *DeRosa,* 137 Conn. 586, 589, 79 A.2d 773 (1951).

According to the finding, "on a few occasions residents of Saunders Point who [were] not members

of Oswegatchie Hills Club, Inc., have used that beach," and when strangers were told by club members on occasion that the beach was private, "there was no evidence that such persons were asked to leave the beach." That is all the evidence of use by others which appears in the finding. In contrast, in support of the exclusivity of the club's use is the fact that there was a sign at the Oak Street end of the right of way, a hundred feet from the beach area, which stated: "Oswegatchie Hills Club area for members and guests only." Although the sign was not on the beach itself the natural inference was that it pertained to the beach, since the right-of-way only went from the street to the beach. Moreover, at various times, the club posted a sign on the beach setting forth rules for its use. Weighing the facts found and their import, the court was not in error in concluding that the club's use was not in common with the public, but exclusive. See *South Norwalk Lodge* v. *Palco Hats, Inc.*, 140 Conn. 370, 100 A.2d 735 (1953).

The final argument of the defendants is that the use was by individual members as members of the public and not "rooted" in the corporate plaintiff and also that the club's use was not as a matter of right adverse to the owner's interest. Use under a claim of right simply means " 'without recognition of the rights of the owner of the servient tenement.' " *Putnam, Coffin & Burr, Inc.* v. *Halpern,* 154 Conn. 507, 515, 227 A.2d 83 (1967). The court found that neither the club as a club nor its members ever asked the defendants or their predecessors for permission to use the beach. The plaintiff club was incorporated in 1934. Membership includes owners and renters past and present of real estate in the Saunders Point area, and grown children of such

residents. The membership changes to some extent each year. Membership is a prerequisite to the use of the facilities of the club except in the case of guests of members. The court found that members of the club believed their right to use the beach derived from their membership and participation in the club and was not a right which they had as individuals or by reason of mere residence. This use was in the presence of the defendants' predecessors, and the acts performed indicating a right to use of the beach were acts done by the club and not independent acts done by members in their individual capacity. Further, the defendants were forewarned in their deed[3] that the predecessors in title recognized the adverse claims relative to the use of the beach area. The court was not in error in finding a prescriptive right in the use of the beach by the Oswegatchie Hills Club, Inc.

There is no error.

In this opinion the other judges concurred.

---

[3] According to the deed, "said premises are subject to such rights, if any, as others may have to cross the northwesterly portion of the premises and to enter upon and use the beach area of said premises."