PHYLISS POWERS *v.* GRENIER
CONSTRUCTION, INC. ET AL.
(4536)

DUPONT, C. J. HULL and DALY, Js.

Submitted on briefs February 10—decision released April 21, 1987

*Peter S. Vannucci* filed a brief for the appellant (defendant Eugene Grenier).

*Leo Gold* filed a brief for the appellee (plaintiff).

DALY, J. The plaintiff instituted this action to recover for damage to her property which resulted from a defective drainage system located on her property which had been installed by the named defendant corporation. The case was referred to a factfinder pursuant to Practice Book § 546B. The factfinder found in favor of the plaintiff and against the individual defendant[1] only and awarded damages. The defendant objected to the factfinder's report. The trial court overruled the objections and rendered judgment in accordance with

---

[1] There are two defendants in addition to the named defendant. Frencan, Inc., and Eugene Grenier are also defendants. Eugene Grenier and his brothers are principals of both defendant corporations. As used in this opinion, "defendant" refers to Eugene Grenier.

the finding of facts. The individual defendant has appealed claiming that the judgment based on the fact-finder's report was clearly erroneous in view of the evidence and pleadings in the whole record.[2] We disagree.

The factfinder found that there was a fifteen foot drainage easement located on the plaintiff's property when she acquired title. The plaintiff's deed referred to a map which showed the easement for the benefit of the defendant's land located above the plaintiff's land. The drainage system deteriorated and caused flooding to the plaintiff's land. The defendant refused to repair the system, thus causing the plaintiff to incur expenses in the amount of $3936 for repairs. The fact-finder concluded that an easement appurtenant had been created in which the dominant estate was the defendant's land. The defendant objected claiming that the evidence was insufficient to support a finding of either a servient or dominant estate for drainage easement purposes. The defendant further argued that the conclusions were inconsistent with the plaintiff's cause of action in negligence.

When the factual basis of the trial court decision is challenged, our scope of review is limited to a determination of whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and pleadings in the whole record, those facts are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980); *East Haddam Fishing & Game Club, Inc.* v. *Ciucias,* 4 Conn. App. 214, 216, 493 A.2d 281 (1985).

It is undisputed that the two lots were originally under common ownership. The plaintiff's property was part of a large subdivision developed by the individual defendant, his brothers and the two Grenier controlled corporations. The defendant retained ownership of the

---

[2] Neither of the defendant corportions has appealed.

lot located above the plaintiff's land. Water flows from this lot via an underground pipe installed in the easement over the plaintiff's land. The plaintiff's deed refers to a map on which appears a fifteen foot easement. Such a reference incorporates the map, and the easement memorialized therein, into the plaintiff's deed. *Stankiewicz* v. *Miami Beach Assn., Inc.,* 191 Conn. 165, 171, 464 A.2d 26 (1983); *Cohen* v. *Holloways', Inc.,* 158 Conn. 395, 401, 260 A.2d 573 (1969); see General Statutes § 7-31. Thus, the easement can be termed an express easement. Even if the easement had not been memorialized on the aforementioned map, the facts of this case justify a finding of an easement by implication.

In this state, the law regarding easements by implication arising out of the severance of title of two adjoining or commonly owned properties is well settled. " 'Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership . . . there arises by implication of law a . . . reservation of the right to continue such use. . . . [I]n so far as necessity is significant it is sufficient if the easement is "highly convenient and beneficial" for the enjoyment' " of the dominant estate. *D'Amato* v. *Weiss,* 141 Conn. 713, 717, 109 A.2d 586 (1954), quoting *Rischall* v. *Bauchmann,* 132 Conn. 637, 642–43, 46 A.2d 898 (1946), and cases cited therein; see also 2 G. Thompson, Commentaries on the Modern Law of Real Property (1980 Replacement) § 351, p. 292.

All easements, whether express or implied, are classified as either easements appurtenant or easements in gross. In an easement appurtenant, the easement belongs to and benefits the dominant estate, and burdens the servient estate. *Saunders Point Assn., Inc.*

v. *Cannon,* 177 Conn. 413, 415, 418 A.2d 70 (1979); *Lichteig* v. *Churinetz,* 9 Conn. App. 406, 411, 519 A.2d 99 (1986).

The record supports the factfinder's conclusion that there was an appurtenant easement created in favor of the defendant's land over the plaintiff's land. The individual defendant owns the land above the plaintiff's land. The drainage system was installed by the named defendant corporation. The individual defendant and his brothers, principals of the corporation, installed the drainage system using company equipment. The drainage system runs from the defendant's land carrying water under the plaintiff's land and out into the street. The factfinder's conclusion that the defendant is the holder of the dominant estate and the plaintiff the holder of the servient estate is reasonable in light of these facts.

The duty of maintaining an easement so that it can perform its intended function rests on the owner of the easement absent any contrary agreement. 2 G. Thompson, supra, § 428, p. 666. The owner must maintain the easement so as to prevent injury to the servient estate. *Center Drive-In Theatre, Inc.* v. *Derby,* 166 Conn. 460, 464, 352 A.2d 304 (1974). In this case, there is no evidence of any agreement relieving the defendant of this duty. Thus, the factfinder's conclusion that the defendant bore the responsibility to repair the broken drainage system was not clearly erroneous.

Finally, our examination of the pleadings in this case convinces us that this action is based on a breach of the duty to repair the drainage easement, rather than one founded on negligent installation. The factfinder's conclusions are therefore consistent with the claims raised.

There is no error.

In this opinion the other judges concurred.