[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In count one plaintiffs allege a prescriptive easement. "To acquire a right-of-way by prescription, the party claiming the right must prove a use which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right." (Citation omitted.) Schulz v. Syvertsen, 219 Conn. 81, 92 n. 8,591 A.2d 804 (1991); General Statutes 47-37. The term "under a claim of right" denotes that "the use is without recognition of the rights of the owner of the servient tenement." (Citation omitted.) Klar Crest Realty, Inc. v. Rajon Realty Corp.,190 Conn. 163, 168, 459 A.2d 1021 (1983).
 "A use by express or implied permission or license cannot ripen into an easement by prescription." Sachs v. Toquet, 121 Conn. 60, 66, 183 A. 22; Phillips v. Bonadies 105 Conn. 722, 725, 136 A. 684. Where the use depends CT Page 3301 on authority from the owner, it involves a recognition of his right to terminate, which negates the adverse character of the use. Phillips v. Bonadies, supra, 725. An agreement creates rights and obligations between the parties. When land of another is used pursuant to an agreement, the owner has notice that the use is in the exercise of a claimed right and does not rest on his sufferance. The agreement claimed by the plaintiff, regardless of its enforceability, would furnish a natural basis for enjoyment under a claim of right. Poliner v. Fazzino, 105 Conn. 350, 355, 135 A. 289.
Putnam, Coffin Burr, Inc. v. Halpern, 154 Conn. 507, 515-16,227 A.2d 83 (1967).
 A permissive user . . . as distinguished from one exercised under a claim of right is not to be inferred from mere passive acquiescence. The facts and circumstances must be such as to warrant the inference of a license exercised in subordination to the rights of the owner of the soil and which he may revoke at any time. On the other hand, the requirement that the user must be exercised under a claim of right does not necessitate proof of a claim actually made and brought to the attention of the owner of the fee. It means nothing more than a user "as of right," that is without recognition of the right of the landowner, and that phraseology more accurately describes it than to say that it must he "under a claim of right." (Citations omitted.)
Phillips v. Bonadies, 105 Conn. 722, 726, 136 A. 684 (1927).
 [W]here [however,] the use began as the result of an ineffective or invalid grant, that fact does not negate its adverse character but tends rather to emphasize that it was made under a claim of right. (Citations omitted.) We have frequently recognized the significance of an ineffective grant or unenforceable CT Page 3302 agreement as a basis for establishing the adverse character of use or possession. (Citations omitted.)
Klar Crest Realty, Inc. v. Rajon Realty Corp., supra, 169-70. See also Schulz v. Syvertsen, supra. A parol grant is characterized as an ineffective or invalid grant in that it is void under the statute of frauds; Comins v. Comins, 21 Conn. 413, 416 (1851); absent part performance, which would render the statute inapplicable, see Putnam, supra, 515.
 Where, . . . there is neither, on the one side, proof of an express license or permission from the landowner, nor, on the other, proof of an express claim of right by the person using the way, the character of the use, whether adverse or permissive, is left to be determined as an inference from the circumstances of the parties and the nature and character of the use. Poliner v. Fazzino, [105 Conn.] 350, 135 A. 289. A finding that the use is under a claim of right is one of fact under our law,. . . .
Phillips v. Bonadies, supra, 727. "In Connecticut, although the burden of proof is on the party claiming a prescriptive easement; (Citation omitted.); there is no presumption of the permissive use to overcome." (Citation omitted.) Reynolds v. Soffer, 190 Conn. 184,188, 459 A.2d 1077 (1983). "All that is required is a showing by a fair preponderance of the evidence that the use was adverse." Schultz, v. Syvertsen, supra, 91.
Pursuant to General Statutes 47-33d marketable record title is subject to "the rights of any person arising from a period of adverse possession or use, which was in whole or in part subsequent to the effective date of the root of title . . ." General Statutes 47-33d(3). "Root of title" is defined as,
 that conveyance or other title transaction in the chain of title of a person, purporting to create or containing language sufficient to transfer the interest claimed by such person, upon which he relies as a basis for the marketability of his title, and which was the most recent to be recorded as of a date forty CT Page 3303 years prior to the time when marketability is being determined. The effective date of the root of title is the date on which it is recorded.
General Statutes 47-33b(e).
The court finds credible the unrefuted testimony of E. R. Mariano and the court further finds as to count one that the plaintiffs' predecessors in interest acquired a prescriptive easement over 154 High Street, Naugatuck, Connecticut for the purposes of ingress and egress to the garage located in the back of 148 High Street, Naugatuck, Connecticut. The court finds that the use was made "under a claim of right" because of an invalid oral grant by Clayton Davis, as evidenced by the work performed by Rocco Mariano, and by the adverse use of Rocco Mariano beginning in 1934 or 1935 and continuing therefrom, fifteen years. The court having found a prescriptive easement, it further finds that the defendants bought their property subject to the adverse use pursuant to General Statutes 47-33d(3).
Defendants allege in their special defenses that any easements have been extinguished by nonuser or by defendants' affirmative acts. An easement in real estate whether acquired by deed or by prescription,
 may be extinguished in whole or part by a written release or by an abandonment of the easement in whole or part, by the owner of the dominant estate. Whether there has been an abandonment depends upon whether the surrounding circumstances show this to have been the intention of the owner of the dominant estate. American Brass Co. v. Serra, 104 Conn. 139, 149, 132 A. 565; Schroeder v. Taylor, 104 Conn. 596, 604, 134 A. 63; New York, N.H. H.R. Co. v. Cella, 86 Conn. 275, 279, 85 A. 521. The proof of the abandonment must clearly indicate that it was the intention of the owner of the dominant estate to abandon the easement (Emphasis added.)
Stuck v. Murphy Co., supra, 662, "Lapse of time and nonuse are competent evidence of an intent to abandon, and as such may be CT Page 3304 entitled to great weight when considered with other circumstances; (Citations omitted.); and, if united with an adverse user of the servient estate inconsistent with the existence of the easement, may extinguish it. (Citation omitted.)" Miller v. State,121 Conn. 43, 49, 183 A. 17 (1936). "Whether there has been an abandonment is a question of intention to be determined from all the surrounding circumstances, and is a question of fact and not law. The proof must clearly indicate that it was the intention of the owner of the dominant estate to abandon the easement." Byard v. Hoelscher, 112 Conn. 5, 16 151 A. 351 (1930).
 "An easement, once created, is not extinguished by the mere acts of the servient owner in themselves, however adverse they may be to the enjoyment of the easement by the dominant proprietor, and however clearly they may indicate the desire and intention of the servient owner to put a stop to the use of land. There must be added to those acts other circumstances showing an intention on the part of the dominant owner to abandon or release the easement.
American Brass Co. v. Serra, 104 Conn. 139, 151, 132 A. 565
(1926). Once the prescriptive period has run a temporary nonuse does not effect the use of the right of way." (Citation omitted.) Poliner v. Fazzino, 105 Conn. 350, 354-55, 135 A. 289 (1926) (ten year nonuse after eighteen years of uninterrupted use). "So, also, if the servient owner should by adverse acts lasting through the prescriptive period obstruct the dominant owner's enjoyment intending to deprive him of the easement, he may by prescription acquire the right to use his own land free from the easement." (Citation omitted.) American Brass Co. v. Serra, supra, 146.
The court having found that an easement exists and has weighed the credibility of the evidence to determine whether the plaintiffs' predecessors in interest intended to abandon the easement or whether defendants acquired the driveway back by prescriptive use. (Note that it is questionable whether this second issue is included within defendants' special defenses).
The court finds a lack of intent to abandon by the plaintiffs' predecessors as evidenced by their asserted continued use of the driveway portion of the way after installation of the fence to obtain access to the rear property at 148 High Street. CT Page 3305 See American Brass Co. v. Serra, supra, 148-49 (holding that consent of owners of dominant estate to erection and maintenance of a wire fence across the deeded easement offered no basis for a conclusion that they intended to abandon the easement.)
Sebastian Guarino's testimony that from 1965 until approximately 1982 he blocked the driveway for periods of a day or two is too tenuous to have obstructed the plaintiffs' predecessors' enjoyment of the easement. In addition, although the installation of the fence across a portion of the easement was sufficient to commence the running of the period for prescriptive use, Sebastian Guarino testified that the fence was erected in "about 1982" which does not amount to the fifteen years required for a prescriptive easement.
"[A]n appurtenant easement runs with the land rather than with any particular owner." Kelly v. Ivler, 187 Conn. 31, 45,450 A.2d 817 (1982). "An easement in gross is one which does not benefit the possession of any tract of land or his use of it as such possessor." Saunders Point Assn., Inc. v. Cannon 177 Conn. 413,415, 418 A.2d 70 (1979). "An easement in gross belongs to the owner of it independently of his ownership or possession of any specific land. Therefore, in contrast to an easement. appurtenant, its ownership may be described as being personal to the owner of it." (Citation omitted.) Id. "When the parties to an easement have failed sufficiently to express their meaning, their intent becomes a question of fact to be ascertained by a court; and in order to arrive at this intent, all of the surrounding circumstances may be inquired into and taken into consideration." (Citations omitted.) Foldeak v. Incerto, supra, 424-25. "As a rule, an easement is never construed to be in gross and purely personal, when it can fairly be construed to be appurtenant and if so construed it runs with the land." (Citations omitted.) Id., 425. Where there is doubt as to whether an easement is appurtenant or in gross the presumption is in favor of the appurtenant easement." Id.
In examining the surrounding circumstances,
 "`[O]ne circumstance which must be given great weight in the ascertainment of the intent of the parties is that the easement is of value to the dominant tenement itself. If it is of value to the property to which it is appurtenant and will continue to be of value CT Page 3306 whoever may own the property, that is strong evidence that the parties intended a permanent easement.' (Citation omitted.)"
Kelly v. Ivler, supra, 42. "Also significant is whether the owner of the servient estate recognized the right of the subsequent owners of the dominant estate to exercise the easement." (Citation omitted.)" Id., 43.
The vast majority of cases determining this issue concern granted easements, which included grants by deed, part performance and estoppel, it does appear that a prescriptive use may give rise to an easement by prescription that is appurtenant to the property. See Deregibus v. Silberman Furniture Co., Inc., 5 Conn. Sup. 155, no error 124 Conn. 39, 197 A. 760 (1937) (right of way used for thirty-three years being the only means of ingress and egress by vehicles between the street and plaintiff's garage in the rear of his premises held to be an appurtenant prescriptive easement.) Similarly, it has been held that an easement in gross may be obtained by prescription. Saunders Point Assn., Inc. v. Cannon, supra, 417.
In examining the surrounding circumstances the court looks to the testimony of E. R. Mariano and Sebastian Guarino as to the value of the driveway to the dominant estate and the recognition. of the continuity of the easement by the servient estate.
E. R. Mariano testified that it would not be feasible to construct a driveway on left or right side of 148 High Street in that the left side is too narrow and the right side pitches down, and is obstructed by a large tree and a stone wall. (Transcript, p. 12). On cross-examination E. R., Mariano testified that the land on the right side of the house at 148 High Street was twenty feet wide and that he never gave thought to constructing a driveway there but if it was done it would be expensive. (Transcript p. 39-40). E. R. Mariano further testified that there is no access by car to the garage at the back of the property other than down the driveway. (Transcript, pp. 12-13). E. R. Mariano further testified that the owners of 148 High Street have a hardship in not having use of the garage. (Transcript, pp. 27-28).
The driveway appears to have value to the owners of the dominant estate and will continue to have value in the future. The court finds the easement to be a appurtenant. CT Page 3307
The defendants are permanently enjoined from obstructing said easement.
SYLVESTER, J.