[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are the owners of real estate situated at No. 116 Meetinghouse Hill Road, Durham. The property includes a residential dwelling and attached garage, as well as a one-story concrete shop-garage located to the rear of the property.
The defendant is the owner of real estate which abuts the plaintiffs' land on its easterly boundary. He lives with his wife and children in a dwelling at the rear of the land, known as No. 110 R Meetinghouse Hill Road.
The parties acquired title to their respective realty from a common grantor, John W. Chapman, who died in 1977. At the time of closing of title to the plaintiffs' property on August 30, 1968, both Mr. Chapman and the plaintiffs were represented by Attorney Theodore D. Raczka. The defendant acquired title to his property, consisting of about 17-acres, on September 19, 1972. At the time of the closing he was represented by his own counsel. CT Page 3437
The dispute which has brought the parties (who have been neighbors for more than twenty years) before the court concerns their respective interests in a 50-foot strip of land which runs southerly from Meetinghouse Hill Road along the easterly boundary of the plaintiffs' land to residential property at the rear occupied by the defendant and his family. A driveway, located within the 50-foot strip serves as an access route to the defendant's home. It is also the only existing route to the aforementioned shop-garage which is situated at the rear of the plaintiffs' land, about 275 feet from Meetinghouse Hill Road, and a few feet to the west of the parties' common boundary.
The plaintiffs' deed, which had been prepared by counsel prior to the hour of closing, conveyed the property "with the appurtenances hereof." Although the deed was otherwise silent as to any easement grant, the plaintiffs were assured by their grantor that they would have free and uninterrupted use of the driveway which traversed land retained by Mr. Chapman which was later conveyed to the defendant. This assurance was also given at the closing by Attorney Raczka and a real estate agent who was present, although the former testified at the trial that he had no recollection thereof.
Use of the driveway right-of-way was necessary in order for the plaintiffs as they intended, to make full use of the shop-garage which, along with the driveway, had been used by Mr. Chapman. It was the plaintiffs' contention that they would not have purchased the property without the right-of-way access to the shop-garage. It was also important to the plaintiffs that they continue to have the benefit of utility service to the building as provided by a claimed pole line easement which generally followed the path of the driveway.
The deed which the defendant received from Chapman made no mention of any easement which encumbered the land conveyed. The defendant had, however, inspected the land on three occasions before its purchase and in so doing had walked the driveway. He did not meet either the plaintiffs or his grantor until sometime after the date of closing.
For as long as they have been neighbors the parties made extensive use of the driveway traveling to and from their rear buildings and Meetinghouse Hill Road. While the defendant over the years has invested, with little contribution from the CT Page 3438 plaintiffs, his own funds to maintain and improve the access way, such was his choice and the relationship of the parties was generally harmonious. Use of the driveway was, for the most part, free of incident. More recently, however, problems have arisen, in part over what the defendant deems to be expanded use by vehicles which have come onto the property to serve the plaintiffs' needs. This has caused the defendant to incur some expense to repair the driveway surface, and his family has suffered some inconvenience, as well as professed concern for the safety of the children who are between the ages of ten and fourteen.
It is the defendant's position that the plaintiffs' user was merely permissive and that, in fact, at about the time he acquired title the plaintiffs requested permission to continue their use of the driveway. He argues that by virtue of his recent termination of such permission the plaintiffs are without authority to continue such use. He further argues that the plaintiffs have sufficient land on the easterly side of their property to construct their own driveway to the shop-garage.
The plaintiffs regularly used the driveway from the time of their acquisition of title to the abutting land. They argue that their use of the driveway is a matter of right and that the defendant was early on so informed. They dispute the feasibility of an alternate access route across their own property. As deterrents they point to the need to traverse their septic system leaching fields and to redesign and renovate the shop-garage to afford entrance to it. They object, as well, to what they foresee as added costs incidental to furnishing utility service to the building should the pole lines located on the present right of way, as the defendant has threatened, no longer be available for such service.
 A.
As a general proposition of law, because it constitutes an interest in land, an easement "may be created only by grant, express or implied, or by prescription, and cannot be created by parol." Foldeak v. Incerto, 6 Conn. Cir. Ct. 416, 422 (1970). The plaintiffs argue, inter alia, that the facts of the case are such as to create by operation of law an easement by implication. This court agrees.
"The principle underlying an easement by implication is that CT Page 3439 it is `so evidently necessary to the reasonable enjoyment of the granted premises, so continuous in nature, so plain, visible and open, so manifest from the situation and relation of the two tracts' that the law will give effect to the grant according to the presumed intent of the parties. Robinson v. Clapp, 65 Conn. 365,384, 385." Rischall v. Bauchmann, 132 Conn. 637, 645
(1946). In a 1987 decision our Appellate Court affirmed that "the law [of this state] regarding easements by implication arising out of severance of title of two adjoining or commonly owned properties is well settled." Powers v. Grenier Construction, Inc., 10 Conn. App. 556, 559 (1987). Quoting from a decision of the Indiana Supreme Court (John Hancock Mut. Life Ins. Co., v. Patterson, 103 Ind. 582, 586, 2 N.E. 188), the Court said:
 "Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership . . . there arises by implication of law a grant or reservation of the right to continue such use." P. 559.
Insofar as reasonable necessity is concerned, it is enough that the easement is highly convenient and beneficial for the enjoyment of the dominant estate. D'Amato v. Weiss, 141 Conn. 713,717 (1954); Schultz v. Barker, 15 Conn. App. 696, 701 (1988).
That there was unity of title in the parties' grantor is undisputed. At the time of severance in 1968 an obvious servirtude [servitude] was created in favor of the plaintiffs' dominant estate. The plaintiffs wanted and needed use of the driveway then in existence in order most conveniently to gain access to the shop-garage which they desired to utilize. The driveway had been used by their grantor for this purpose, and to require the plaintiffs to develop an alternate means of access across their land would have been both inconvenient and expensive. Clearly, use of the driveway was beneficial and necessary for the reasonable enjoyment of the property the plaintiffs had acquired.
The driveway was plainly visible and its continuous use by the plaintiffs to reach their shop-garage was known to the defendant from his inspections of the land before his acquisition CT Page 3440 of title. That such use was permissive only at the will of the defendant following such acquisition, as he urges, flies in the face of the material facts over a period of 20 years and the law which controls.
In the view of the court, failure to include conveyancing language in the plaintiffs' deed confirming the intended easement grant was an oversight on the attorney's part which, for whatever reason, he chose not to correct at the time of closing. It is not unreasonable to infer a belief by the attorney that an undefined reference to appurtenances which the deed granted to the plaintiffs was sufficient to assure their desired interest in the driveway.
 B.
The court finds that the plaintiffs are vested with an easement across a certain driveway owned by the defendant running from Meetinghouse Hill Road 275 feet, more or less, to a certain shop-garage situated on land of the plaintiffs and which abuts, or is close to, such driveway. The plaintiffs and their assigns may make reasonable use of such driveway for ingress and egress, on foot and with vehicles, to and from such shop-garage, avoiding, wherever reasonably possible, obstruction and interference with the reasonable use and enjoyment of such driveway by the defendant.
The plaintiffs and are without adequate remedy at law, and accordingly, the defendants are permanently enjoined from interfering with the plaintiffs' easement rights as above described.
The evidence before the court regarding utility service to the shop-garage and an easement right therein in favor of the plaintiffs is inconclusive, and the plaintiffs' request for relevant injunctive relief is denied.
The claims for relief contained in the defendant's counterclaim are denied.
GAFFNEY, J. CT Page 3441