[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, from Madison, the principal relief that both parties request is an injunction. The plaintiffs wish to stop the defendants from trespassing on their land in order to get to the beach. On their part, the defendants not only deny the allegations of the complaint but also claim an easement by prescription over the plaintiffs' property that they want the court to preserve. From the evidence produced at the trial and reasonable inferences drawn therefrom, the court finds the facts set forth below were established.
 I.
On July 15, 1974, the plaintiffs received title to the real estate that is the subject of this suit. Their deeds from Robert L. Adams and The Connecticut Bank Trust Company, trustees under the will of Lyman D. Adams, conveyed two parcels, as hereinafter described.
First Piece: A certain piece or parcel of land CT Page 7349 with the buildings thereon, known as 77 Seaview Avenue, bounded and described as follows:
 South by Seaview Avenue, 113.2 feet;
 West by Woodlawn Avenue, 106.8 feet;
 North by land formerly of Bradford P. Smith and now of Leonie B. Williams, 112.5 feet;
 East by land now or formerly of Jack R. Crawford and Dorothy Crawford, 119.1 feet.
Second Piece: A certain piece or parcel of land bounded and described as follows:
 North by Seaview Avenue; 128 feet;
 East by land now or formerly of Albert L. Bradley and Lyman H. Steele.
South by Long Island Sound;
 West by land now or formerly of The Seaview Beach Association.
The deed also recited that "[s]aid premises are subject to such restrictions and assessments as of record will appear."
On the first parcel, which is located on the northeasterly side of the intersection of Woodlawn Avenue with Seaview Avenue, is the plaintiffs' home. The second parcel located across the street, on the other side of Seaview Avenue is the site of the dispute.
The defendants reside at 29 Woodlawn Avenue. The defendant John T. Mulligan and his mother Mollie purchased the property from Mary B. and Edward F. Slavin of Middletown and received title on CT Page 7350 June 20, 1942. Unlike several other landowners in the' vicinity, the deed from the Slavins does not mention rights in the beach owned and maintained by The Seaview Beach Association or of access to that beach. It is undisputed, however, that although the defendants donor have deeded rights in the Seaview beach, they are members of The Seaview Beach Association by invitation meaning that they have been invited to join on a yearly basis and pay annual dues.
In 1993, The Seaview Beach Association had its property surveyed by Robert C. Hart a professional engineer and land surveyor. Mr. Hart's map shows three walkways leading onto the beach from Seaview Avenue. Two of them, located close together, are between Woodlawn and Grove Avenue the next street to the west while the main entryway is located across from Willard Avenue the street beyond Grove. The map does not show any right of way over the plaintiffs' second parcel across the street from the intersection of Woodlawn and Seaview Avenues because there is no record of any deeded easement. In fact, `the only written reference to easements occurs in the certificate of distribution issued by the Probate Court for the District of Hartford in the matter of the Estate of Lyman D. Adams. The certificate of distribution sets forth the two parcels in Madison that were subsequently conveyed by the trustees under the will of Lyman D. Adams to the plaintiffs. Following the description of the second piece, the language in the certificate is that "[s]aid certain piece or parcel of land is subject to such restrictions and easements as of record will appear."
Despite the failure of the Madison land records to specify or locate an easement, there is undeniably a path on the plaintiffs' second parcel running from the Woodlawn-Seaview intersection in a southwesterly direction to the property of The Seaview Beach Association. As shown in photographs, the path starts in between a rail fence on the plaintiffs' property and the boundary line between the plaintiffs and the Association.
Several residents living on or near Woodlawn Avenue testified to their uses of the path. Mrs. Mann thought that residents had permission to use the path but she stopped her use when a barrier was put up. Mrs. Fearon stated that residents of Woodlawn Avenue were never prohibited from using the path. She, however, had moved from Woodlawn Avenue in 1958. Mr. Morrison felt that as a resident of Woodlawn Avenue he had a right to use the path but he also said that if the path were designated as private property he would CT Page 7351 respect the designation. All persons, other than the defendants, abandoned use of the path when the plaintiffs placed chains across it in 1985 or 1986.
The defendant, John T. Mulligan has lived on or in the vicinity of Woodlawn Avenue since boyhood. His mother, Mollie, was the cook for Mrs. Fearon's grandmother. In childhood, John T. Mulligan was friendly with the son of Knowles Lumbard a predecessor in the plaintiffs' chain of title. Mr. Lumbard as well as his son gave John T. Mulligan permission to use the path as a means of entry onto the bench. Apparently Lyman D. Adams, whose trustees were the plaintiffs' immediate grantors, also permitted such usage. Among the witnesses was the defendants' daughter, Patricia Lawrie, who described herself as a girlhood friend of Lyman D. Adams' daughter.
The use of the path provides the defendants with a shorter route to their cabana on the Seaview Beach Association's property than any of the recognized entryways. At one time John T. Mulligan placed one plank over a low point in the path. More extensive planking was done in 1984 by a Mr. O'Connor, also a resident of Woodlawn Avenue, who was under the erroneous impression that the path was owned by the Seaview Beach Association. John T. Mulligan may also have clipped some of the bushes. The defendants utilized the path more extensively in the summer than in other seasons.
The defendants also claimed a right to use the, path because their house lot was originally part of the Willard tract. Willard is a name that appears remotely in the plaintiffs' chain of title as the owner preceding Knowles Lumbard. Their attorney, at the trial and in a post-trial brief, disavowed the existence of an easement predicated on a former common title. Further, an easement based on a grant from a former common owner is contrary to the language in the defendant's counterclaim.
 II.
As the parties asserting the easement, the defendants had the burden of proving its existence by a fair preponderance of the evidence. Reynolds v. Soffer, 190 Conn. 184, 188 (1983);McCullough v. Waterfront Park Assn., Inc., 32 Conn. App. 746, 753
(1993). The essential elements of an easement by prescription are a user that is open, visible, continuous and uninterrupted for fifteen years under a claim of right. General Statutes § 47-37;Saunders Point Assn., Inc. v. Cannon, 177 Conn. 413, 417 91979). CT Page 7352 The defendants' burden required evidence to persuade the court that it was more probable than otherwise that the named elements existed. Cruz v. Drezek, 175 Conn. 230, 235-36 (1978). For the reasons hereinafter discussed, the court concludes that the defendants have not sustained their burden.
Noted in the recited facts was that Knowles Lumbard and probably Lyman D. Adams as well had given John T. Mulligan and later his family permission to use the path for access to the bench. A use by express or implied permission or license cannot ripen into an easement by prescription. Where the use depends on authority from the owner of the land, it involves recognition of the owner's right to terminate which negates the adverse character of the use. Putnam, Coffin Burr, Inc. v. Halpern, 154 Conn. 507,515 (1967); Gioielli v. Mallard Cove Condominium, 37 Conn. App. 822,829 (1995).
Moreover, in the court's view there was an insufficient separation between the prescriptive use claimed by the defendants and the use made of the path by members of the public. The distinction between the two types of uses appears in a number of Connecticut cases. E.g. Robert S. Weiss Co. v. Mullins,196 Conn. 614, 619-20 (1985); Klar Crest Realty, Inc. v. Rajon RealtyCorp., 190 Conn. 163, 168 (1983); Gioielli v, Mallard CoveCondominium, supra 829-30; Peterson v. Ramcke, 140 Conn. 202, 207
(1953). As stated in Robert S. Weiss Co. v. Mullins, supra, the servient owner's actual knowledge of a right of way is not a necessary element in the claimed prescriptive easement holder's proof. All that is essential is that the use be "as of right" meaning without recognition of the rights of the servient owner. But where the use of a right of way is in common with use by the public, the individual user must, in order to establish an independent prescriptive right, perform some act to the knowledge of the servient owner that clearly indicates his individual claim of right.
From the established facts, the court concludes that the defendants' use of the path paralleled the use made by other residents of Woodlawn Avenue at least until the plaintiffs placed chains across the path in 1985 or 1986. Contrary to the defendants' suggestions, the court finds that the other residents who used the path were not part of an organized group like the club members in Saunders Point Assn., Inc. v. Cannon, 177 Conn. 413, 418
(1979). Nor was their use under municipal or association aegis as in Roche v. Fairfield, 186 Conn. 490, 500 (1982). The unorganized CT Page 7353 public, which these other residents were, cannot acquire rights by prescription. Mihalczo v. Woodmont, 175 Conn. 535, 541 (1978). The legal rationale is that a deed to the unorganized public would be void for uncertainty and there can be no prescription where there can be no grant. Turner v. Hebron, 61 Conn. 175, 187 (1891).
Of course, after the chains were placed across the path and the other residents ceased walking on it, the defendants' continued use did provide the plaintiffs with knowledge of their claim of right. This period, however, was for less than fifteen years and hence insufficient to establish prescription. General Statutes § 47-37; Westchester v. Greenwich, 227 Conn. 495, 501 (1993).
 III.
Since the defendants have failed to prove a prescriptive right in the path, the temporary injunction entered by Judge DeMayo on May 2, 1994 should be made permanent. Therefore, the defendants, their heirs, successors and assigns and anyone claiming under or through them, or any of them, are enjoined and restrained from using, continuing to use, or coming upon the plaintiffs' property, as herein described, for a means of access to the beach of The Seaview Beach Association.
Jerrold H. Barnett, Judge