[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANT STEPHEN NIGRO
 INTRODUCTION
The complaint in this case alleges that the minor plaintiff, Anthony McMellon ("Anthony"), was injured when a go-kart which he was operating struck a chain which was strung between two trees, and that the chain had been negligently and/or carelessly placed, erected and/or maintained by the defendant Stephen Nigro ("Nigro"). Although the complaint does not expressly allege that the chain was located on land over which Nigro owned an easement, the deposition testimony of Nigro, and the materials submitted by him in support of this motion, support such an inference. Further, Nigro's brief acknowledges that he enjoyed such an easement. Accordingly, for purposes of this decision, it is presumed that the tree between which the chain was hung were located on land which was subject to an easement in favor of Nigro.
 DISCUSSION
CT Page 5420
In an affidavit submitted by him, Nigro states:
 "I never placed, erected or maintained a chain across the property . . ."
Nothing has been submitted by the plaintiffs to contradict the above excerpt from Nigro's affidavit. While the words "placed" and "erected" are factual in nature, so that the lack of contradicting materials makes undisputed, for purposes of this motion, the assertion that Nigro neither placed nor erected the chain, the word "maintained" is both a factual and legal conclusion. Accordingly, the court will review all materials submitted in connection with this motion to determine if it is compelled to adopt the conclusion that Nigro did not maintain the chain.
Whether Nigro maintained the chain is closely related to whether Nigro maintained the easement on which the chain was located. In his deposition testimony, Nigro addressed his activities in regard to both the chain and the easement, as follows:
 He passed over his easement twice every day, because it was the only access to his home (T, 11-18-98, 14);
 Each time he passed over the easement, he had to take the chain down and then replace it (T, 11-18-98, 14);
 He covered the easement with crushed stone (T, 11-18-98, 27); and,
He plowed snow off the easement (T, 11-18-98, 28).
From the above, the trier could infer that, in a legal sense, Nigro maintained the chain, Accordingly, there is a dispute about a fact which is, clearly, material.
Assuming, arguendo, that in a legal sense Nigro maintained the chain, the next issu is whether Nigro can be held liable to a third party for having failed to maintain it properly.
In Powers v. Grenier Construction, Inc., 10 Conn. App. 556 (1987), the court articulated the basic rule regarding the maintenance of easements, as follows:
 "The owner must maintain the easement so as to prevent injury to the servient estate."
CT Page 5421 Id., 560.
Because Powers dealt with an easement owner's obligation to the servient estate, the Powers court was not called on to address an easement owner's duty to third parties. In fact, research has disclosed no Connecticut case on that point. However, in Reed v. Alleghany County,330 Pa. 300, 199 A. 187 (1938), the court said:
 Ordinarily the owner of a servient estate is under no obligation to make repairs; the duty is upon the one who enjoys the easement to keep it in proper condition, and, if he fails to do so and injury to third persons results, he alone is liable.
Id., 189.
Thus, both Connecticut law and Pennsylvania law are clear that, as between the owner of an easement and the owner of the servient estate, the owner of the easement is responsible for maintaining the land over which the easement runs, unless the parties have agreed otherwise. That raises the question whether, if one of them is to be held liable to third parties. the same rule should be followed. It would be illogical to make the owner of the easemen responsible for damage to the servient estate which results from improper maintenance of th easement while at the same time making the owner of the servient estate responsible for damag4 to third parties which results from improper maintenance of the easement. Accordingly, if on or the other of Nigro or the owner of the servient estate is to be held liable to Anthony, the Nigro, as owner of the easement, is the one to be so held.
If the owner of a fee interest in real property which is not burdened by an easement can be held liable to third parties for negligent maintenance of the property, there appears to be no reason to excuse similar conduct by the owner of an easement over the same property. Accordingly, absent some agreement to the contrary, Nigro may be liable to third parties for negligent maintenance of the easement which, of course, includes the chain.
CONCLUSION
The motion for summary judgment is denied.
G. Levine, J.