## WAD REALTY, INC. *v.* MICHAEL LICAMELE ET AL.
## (2294)

DANNEHY, C.P.J., DUPONT and HULL, Js.

Submitted on briefs January 17—decision released March 13, 1984

*Thomas W. Bucci* and *Thomas E. Minogue, Jr.,* submitted a brief for the appellant (named defendant).

*Gregory P. Lynch* submitted a brief for the appellant (defendant AAA Building Wrecking Co.).

*David H. Johnson* submitted a brief for the appellee (plaintiff).

PER CURIAM. This is an appeal[1] from a judgment granting a permanent injunction and damages of $1703.92 to the plaintiff. The defendants[2] were enjoined from further demolishing a party wall between the properties of the parties. In the alternative, the defendants, upon notification to the court, could request, in substitution for the injunction, a judgment for the plaintiff in the amount of $6703.92.[3]

The issues on appeal are (1) whether the trial court erred in finding that the plaintiff had an easement by

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] The defendants are Michael Licamele, the owner of the wall in question, and AAA Building Wrecking Co., the company engaged to demolish the wall. As used in this opinion, defendant refers to Michael Licamele.

[3] The cost to repair the damage done prior to the trial was $1703.92. The cost to remove one-half of the wall was between $3000 and $5000.

prescription to use the defendant's wall for shelter from the elements and protection against fire and (2) whether the trial court erred in granting injunctive relief.

The parties own adjacent buildings. Pursuant to a demolition order of the city of Bridgeport, the defendant began to raze his building. In the course of demolition, it was discovered that the buildings shared a common wall.

A prescriptive use is acquired if the use has existed uninterruptedly for fifteen years, under a claim of right, and has been open, visible and continuous. *Reynolds* v. *Soffer,* 190 Conn. 184, 187, 459 A.2d 1027 (1983). The burden of proof is on the person claiming the prescriptive easement and there must be showing by a fair preponderance of the evidence that the use was adverse.[4] Id. 188.

The trial court found that the use of the defendant's wall by the plaintiff or by its predecessor in title was continuous and uninterrupted for fifteen years, under a claim of right, and that the use was open, notorious, visible and adverse. These elements of prescriptive use were questions of fact for the trial court and should not be disturbed; *Lengyel* v. *Peregrin,* 104 Conn. 285, 288, 132 A. 459 (1926); absent a finding, upon review, that the facts were legally and logically inconsistent with the subordinate facts. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980). Such is not the case here.

The plaintiff sought injunctive relief. It had the burden of alleging and proving irreparable harm and the lack of an adequate remedy at law. *Berin* v. *Olson,* 183 Conn. 337, 340, 439 A.2d 357 (1981). The plaintiff failed

---

[4] The standard of proof, however, for proving title by adverse possession is "clear and positive" proof. *Roche* v. *Fairfield,* 186 Conn. 490, 498, 442 A.2d 911 (1980).

to prove lack of an adequate remedy at law.[5] The court's provision for an alternative judgment of money damages is indicative of the presence of an adequate remedy at law. See *Stocker* v. *Waterbury,* 154 Conn. 446, 449, 226 A.2d 514 (1967).

The court's alternative judgment of $6703.92 cannot stand, however, because that amount is based in part upon the imprecise use of the maximum cost of removal of one-half of the defendant's wall. The case should be remanded for the limited purpose of establishing the cost of such removal.

There is error in part; the judgment of injunctive relief is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

---

[5] The plaintiff did not specifically allege lack of an adequate remedy at law in its complaint, but if such can be inferred reasonably from the entire complaint by the trial court, such an omission is not fatal. *United States* v. *White County Bridge Commission,* 275 F.2d 529, 536 (7th Cir.), cert. denied sub nom. *Clippinger* v. *United States,* 364 U.S. 818, 81 S. Ct. 50, 5 L. Ed. 2d 48 (1960). In view of this court's decision, however, the lack of a specific allegation in the plaintiff's complaint need not be addressed.