Eugene E. Krohner *v.* Seyburt Associates
Limited Partnership
(7793)

Borden, O'Connell and Lavery, Js.

Argued October 5—decision released December 5, 1989

*Martin A. Gould,* with whom, on the brief, was *Alfred J. Garofolo,* for the appellant (plaintiff).

*Richard P. Weinstein,* with whom, on the brief, was *Kerry M. Wisser,* for the appellee (defendant).

Lavery, J. The plaintiff appeals from a judgment denying him an easement by prescription over a portion of the defendant's land. The plaintiff claims that the trial court erred (1) in concluding that the plaintiff had failed to establish or define the bounds of the

claimed prescriptive easement with reasonable certainty, and that he had failed to show that his or his tenants' use of the claimed prescriptive easement was different from that use made by the general public, and (2) in making two evidentiary rulings. We find no error.

The trial court found the following facts. Since 1956, the plaintiff has owned property in West Hartford located at 39 South Main Street. A commercial building stands on the property, and is leased by a Radio Shack franchise and the Royal Paint and Wallpaper Company. The building faces east, and has parking spaces along its east and north walls. On the rear wall there is a loading dock for the two stores. The only way for a delivery truck to reach the loading dock without passing over the defendant's property to the north is to back the truck around the north side of the plaintiff's building to the loading dock. Even that method is impossible if cars are parked along the north wall of the building.

For twenty years, delivery and other vehicles avoided this problem by using the property at 29-31 South Main Street, which is situated immediately to the north, and which was purchased by the defendant in 1986. Although part of the boundary line was blocked by a chain link fence, the fence ended approximately twenty to thirty feet short of each end of the boundary line, thereby allowing access to the plaintiff's property via the defendant's.

The portion of the defendant's property under discussion was part of a paved parking lot for a supermarket formerly located on the property. To the west of the defendant's property was another commercial building occupied by a bank. The property immediately south of the bank and immediately west of the plaintiff's property is owned by the United States government and has a post office situated on it. A chain link

fence separates the post office property from the plaintiff's. The properties on which the bank and the post office are located both front on LaSalle Road.

For twenty years, a shortcut known as the Arapahoe Road Extension ran between South Main Street and LaSalle Road. It ran over the south portion of the defendant's property and over that of either the owners of the bank building or the post office. Although the exact contours of the shortcut shifted depending on how cars were parked in the defendant's parking lot, it was possible to use the shortcut to access LaSalle Road from South Main Street, and vice versa. Delivery trucks leaving the plaintiff's loading dock through the opening in the fence entered the portion of the Arapahoe Road Extension that ran over the defendant's property. The shortcut was not a public road, although it was used by delivery trucks for Radio Shack and Royal Paint and Wallpaper, and by patrons of the supermarket, bank, and post office, as well as by motorists passing between South Main Street and LaSalle Road.

In February, 1988, the defendant put a construction fence on its property, effectively blocking the shortcut. Construction of a retail and office building complex is now underway on the south portion of the defendant's property.

Radio Shack and Royal Paint and Wallpaper deliveries are now being made by trucks backing into the area along the north side of the plaintiff's building to reach the loading dock. Although this method of delivery is burdensome and inconvenient for the plaintiff's tenants, the elimination of access over the defendant's premises has not made deliveries to the loading dock impossible or impractical.

To acquire a right-of-way by prescription there must be a use that is open, visible, continuous and uninter-

rupted for fifteen years, and made under a claim of right. General Statutes § 47-37; *Putnam, Coffin & Burr, Inc.* v. *Halpern,* 154 Conn. 507, 515, 227 A.2d 83 (1967). Use made under a claim of right means use that is made without recognition of the rights of the servient tenement. *Zavisza* v. *Hastings,* 143 Conn. 40, 46, 118 A.2d 902 (1955). Where the use of a right-of-way is in common with the public, the common use is considered to negate a presumption of grant to any individual use. In such a case, the individual user must, in order to establish an independent prescriptive right, perform some act of which the servient owner is aware and which clearly indicates his individual claim of right. *Missionary Society* v. *Coutu,* 134 Conn. 576, 582, 59 A.2d 732 (1948). Whether the requirements for such a right have been met in a particular case presents a question for the trier of facts after the nature and character of the use and the surrounding circumstances have been considered. *Wadsworth Realty Co.* v. *Sundberg,* 165 Conn. 457, 464, 338 A.2d 470 (1973); *Klein* v. *DeRosa,* 137 Conn. 586, 589, 79 A.2d 773 (1951).

In this case, the court found that "the Arapahoe Road Extension was used by the general public, including the plaintiff, for over twenty years as a convenience in traveling from South Main Street westerly to LaSalle Road and vice versa for access to the U.S. Post Office . . . the bank and as a general throughway." The court further found that "the use of the accessway by the plaintiff and his tenants was no different from that use made by the general public which was to traverse the parking lot of the defendant." The court also found that although the plaintiff and his tenants made a distinct use to gain access to the loading dock, there was nothing in the evidence to show that as to the general public this use was so different or unique that it would have put the defendant's predecessor on notice of a use different from that of the general public.

The finding by the trial court that the use by the plaintiff and his tenants was not different from the use by the general public defeats the plaintiff's claim for an easement by prescription. The trial court reasonably and legally reached that conclusion from the evidence before it.

The second basis for the trial court's judgment was that the plaintiff had failed to establish the bounds of the claimed right-of-way with sufficient certainty. The plaintiff's two evidentiary claims of error are relevant only to this basis for the trial court's judgment. These claims are (1) that the trial court should have allowed the plaintiff to give opinion testimony as to the width of the alleged easement, and (2) that the court should have overruled the defendant's objection to the introduction as a full exhibit of a photocopy of the town assessor's map with the claimed easement marked on it. Because we have found the first basis for the trial court's judgment adequate to sustain that judgment, we need not review these two claims of error.

There is no error.

In this opinion the other judges concurred.