[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was initiated on February 26, 1992, by the filing of a civil complaint by the plaintiff against the defendant. The filing of the lawsuit was occasioned by actions of the defendant in blocking the plaintiff's driveway and access to Carrier Road in the town of East Hampton, Connecticut. Although the original complaint was filed in three counts, the plaintiff withdrew counts one and three, and the case was tried on the allegations of the second count only.
The plaintiff is the owner and possessor of a certain parcel of land known as 27-29 East High Street in the town of East CT Page 5787 Hampton. The defendant is the owner and possessor of a parcel of land lying adjacent to and bordering said tract of land of the plaintiff on the west and the north. The plaintiff and his immediate successor in title, Edmond G. Gioielli, Sr., have owned and exercised dominion over said property since 1952.
In January of 1953, a second triangular parcel was acquired by the plaintiff's predecessor in title. This parcel was bounded on the westerly side by an improved roadway known as Carrier Road. Its other boundaries are the adjacent land of Edmond G. Gioielli, Sr., and Route 66, a public highway that passes in front of the plaintiff's land on the south side. Beginning in September 1952 and continuing until the commencement of this action, the plaintiff and his predecessors in title have used said roadway, known as Carrier Road, for ingress and egress to the rear of their premises at 27-29 East High Street.
Located on these premises owned by the plaintiff is a commercial building that was used partially for a restaurant at the time it was acquired in 1952, but since that time has been used by the plaintiff and his immediate predecessor in title as premises for the conduct of a dry cleaning business and a video store or other commercial outlet. In addition, in the late 1980's the plaintiff improved the property by putting on a second story addition, which is of little consequence to the present action, except, to note that the addition has not so increased the use of the right-of-way to permit the court to conclude that any right-of-way has been overburdened or substantially enlarged over what is claimed to have been acquired going back to 1952.
Based on the evidence presented, the court concludes that from 1952 until the present time there has existed, on said premises of the plaintiff, a gravel, trap rock, paved roadway coming in a southerly orientation from, at, or near the plaintiff's property intersection with Route 66 along the easterly side of the building, swinging around the rear or northerly section of the building, and exiting onto Carrier Road, a private roadway adjacent to the plaintiff's property to the west.
Dating back to the 1930's and up through the 1940's, the court finds that said private roadway, having been built by a person named McCarrick, was used in those old days for exit purposes to a Casino or skating rink located to the north of the subject premises and also for access to a nearby beach. Its use steadily declined through the 1940's and 1950's to a point where by the early to mid CT Page 5788 1960's, said roadway was subjected to very little general public use. From the exhibits and the evidence, the court finds that during all this period of time, the plaintiff and his predecessor in title openly and blatantly used their driveway and its access upon this private roadway for the conduct of their business. It was used by them, their customers, their service people and delivery men, in both directions, out of the driveway and on to Carrier Road, or off Carrier Road and on to the driveway and around the back of the premises.
To the south where this driveway abuts or enters Carrier Road is the aforementioned triangular parcel of land which the plaintiff's predecessor in title was granted. As a result of this acquisition, the plaintiff's property abuts what was then known as the Carrier Roadway, now known as Carrier Road. Interestingly, the plaintiff's predecessors originally had a right-of-way across Carrier Road to draw water from a well on the premises located to the west across said roadway from the plaintiff's premises. Apparently this right-of-way still exists, but has not been used since the plaintiffs constructed their a well upon their own premises in the mid 1980's.
From the evidence presented, the court concludes that this road was and always has remained a private road, even though it was subjected to greater public use back in the 1930's and 1940's than in the last 40 odd years.
When the plaintiff's predecessor purchased the property in 1952 and continuing up until 1992, this property had a discernible driveway connection to Carrier Road. The use of this front portion of Carrier Roadway, that being the portion between the northerly line of the plaintiff's property and the southerly junction of Carrier Roadway with Route 66, has, at all times since 1952, been an open, obvious, notorious, and noticeable entryway onto the private road. It is approximately 20 feet wide, and its opening where it abuts with Carrier Road has been flared. Also, through the years it has had its apron area or area of abutment paved by the town and/or others. Judging by the fact that Carrier Roadway is slightly elevated over the plaintiff's driveway as it passes around the road of the building, in no sense can this court conclude that this driveway fuses in with the roadway. Rather, it is clear that it remains an obvious distinct user of this private road. Various witnesses testified that, since 1952: they have used this driveway; have always known these premises to contain this very visible and discernible driveway; and that people have used CT Page 5789 this as an adjunct use to Carrier Road.
In addition, this driveway was noted on the zoning records (See Exhibit R) at the time the plaintiff filed an application for remodeling. The map that he filed at that time with the zoning commission distinctly outlined not only the driveway and its access to Carrier Road, but that triangular piece to the south wherein the plaintiff represented that it parked 4 to 5 vehicles, and that this parking area would be available for its commercial use of this corner parcel of land. Thus, for an extended period of time in the 1970's to 1980's, the plaintiff's use of this land included parking on its premises located at the easterly edge of Carrier Road, the westerly portion of the plaintiff's property to the west of its buildings structure.
It is also of note that the Plaintiff's Exhibit P, a map of Mallard Cove prepared in 1986 for Wilt Built Homes, Inc., persons other than the plaintiff herein and predecessors of the defendant, notes that this driveway was acknowledged as "RIGHTS TO USE PRIVATE DRIVE FOR EGRESS TO EAST STREET IN FAVOR OF GIOIELLI." East High Street, also known as Route 66, is the roadway that runs in front of the plaintiff's premises.
To acquire a right-of-way by prescription there must be a use that is open, visible, continuous and uninterrupted for fifteen years, and made under a claim of right. General Statutes § 47-37;Reynolds v. Soffer, 190 Conn. 184, 187, 459 A.2d 1027 (1983). The standard of proof for a prescriptive easement is a fair preponderance of the evidence. McCullough v. Waterfront,32 Conn. App. 746, 753, 630 A.2d 1372 (1993). However, where the use of a right of way is in common with the public, that common use is regarded as negating a presumption of grant to any individual use.Krohner v. Seyburt Associates, Ltd. Partnership, 20 Conn. App. 298,301, 566 A.2d 995 (1989). To establish an independent prescriptive right, the individual user must perform some act of which the servient owner is aware which clearly indicates this individual claim of right. Id., citing Missionary Society v. Coutu,134 Conn. 576, 582, 59 A.2d 732 (1948). Whether the requirements for such a right have been met is a question for the trier of fact. SeeWadsworth Realty Co. v. Sunberg, 165 Conn. 457, 464,338 A.2d 470 (1973).
The court concludes that the private roadway known as Carrier Road has been used solely as a private road since approximately 1965 until the present time. During this period of time its use by CT Page 5790 the public has been minimal in comparison to its former use about 35 years earlier, back in the 1930's. Even during its period of high public usage, the use the plaintiff's made of the portion of Carrier Road was clearly a distinct use from that made by the general public. The court finds that the plaintiff's use involving only the southerly portion of Carrier Drive from said established driveway at the rear of their premises out to its intersection of East High Street (Route 66) differed substantially and distinctly from any other usage of Carrier Drive. Said use was open, visible, continuous, and used under a claim of right to the extent that it put the owner of the fee to said private roadway on notice of a distinct use being made of this southerly portion of Carrier Drive by the plaintiff and his predecessors in title. This is a circuitous course of travel followed by the plaintiff, customers, and other users. Travel goes both ways on the driveway, uses Carrier Road at its southerly portion adjacent to the plaintiff's property in both directions, and for a distinct use of access to the plaintiff's property. Some of the users of this driveway even backup larger vehicles on Carrier Road to the north and back into the plaintiff's driveway from a west to east direction.
Furthermore, the court concludes that anyone traveling Carrier Road could easily distinguish this driveway entrance onto Carrier Road as a distinct separate use of that portion of Carrier Road.
It is also found that the plaintiff never inquired nor sought permission to use the road nor was permission ever granted by anyone to use this roadway for access to the rear of the plaintiff's property.
In 1992, in an attempt to block the driveway by planting trees, the defendant interfered with the plaintiff's use of its access way onto Carrier Road by breaking up the pavement at the apron part of the driveway with a jackhammer. It was this action that occasioned this lawsuit.
At the conclusion of the plaintiff's evidence the defendant filed a motion for dismissal for failure to make a prima facie case pursuant to Practice Book § 302. The court denied said motion and thereafter the plaintiff rested.
In accordance with the foregoing findings, this court concludes that the plaintiff has established, by a fair preponderance of the evidence, that it has acquired an easement by CT Page 5791 prescription to enter and use the private roadway known as Carrier Drive from its established driveway on the northerly portion of its premises at a point where it flares out and enters Carrier Drive.
Furthermore, in accordance with his request for relief, the plaintiff's request for an injunction is hereby granted, and a restraining order and a permanent injunction will enter restraining the defendant and its successors and assigns from interfering in anyway, shape, manner or form, with the rights of the plaintiff to enter upon and use Carrier Road for ingress and egress from its premises. Counsel for the plaintiff is instructed to prepare an appropriate injunctive order with a diagram attached and recordable in form, and present that order to the court for execution to carry out the judgment of this court.
It is so ordered.
HIGGINS, J.