[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action between adjoining property owners to settle and quiet title to a twenty five foot wide right of way, or driveway, leading to Barton Lane in Greenwich. The plaintiffs, James R. Salerno and Marguerita A. Salerno, reside at 28 Barton Lane, and bring this action in order to resolve a dispute concerning the right to use the driveway in question.
The defendants, Frank M. Webber and Janet K. Webber,[1] who reside at 26 Barton Lane, claim an easement over a portion of the plaintiffs' driveway, either by virtue of an express grant, or by prescription. The defendants filed an amended counterclaim dated September 22, 1993, containing five counts. In the first count of their amended counterclaim, the defendants allege that they acquired title to 26 Barton Lane by deed from Patricia Weston Swan in 1980, and that their interest in the subject driveway is adverse to that of the plaintiffs. In the second count of the counterclaim, the defendants contend that they and their predecessors in title have used the driveway for over fifteen years and have acquired title thereto by adverse possession. In the third count of their cross complaint, the defendants claim that the easement in question is "well defined" upon the land and is appurtenant to their premises. In the fourth count, the defendants allege that, by reason of "mutual mistake," their predecessor in title neglected to include the right to use the easement in her 1980 deed to the defendants. The fifth count of their complaint, which alleged slander of title, was withdrawn by the defendants at the time of trial. CT Page 10979
This case was tried to the court and the following facts are found. The plaintiffs purchased their property in 1983 from Edward E. Phillips. It is a rear, flag shaped lot, and is situated behind, or south, of the defendants' property. The lot has access to Barton Lane over the twenty-five foot wide driveway, which is owned by the plaintiffs and is the subject of the pending action to quiet title. Attached at the end of this memorandum of decision is an illustration, modified from an exhibit in this case, of the location of the properties belonging to the parties, which depicts the driveway leading from the plaintiffs' property and along the easterly side of the defendants' property, providing ingress and egress to Barton Lane. All four lots depicted on the map — Munson, Salerno, Webber, Lauridsen — were formerly owned by Louise Graham Harding.
The issue in this case is whether the defendants have either an easement over the driveway by reason of an express grant, or by prescription. In 1955, Harding, now deceased, sold the lot presently owned by the defendants to Patricia Weston Swan. This deed did not mention an easement over the driveway which led from Harding's property behind the Swan premises to Barton Lane. In 1957, Harding executed an easement granting Swan permission to use the driveway, however, this grant was never recorded in the Greenwich Land Records. At the same time, in July of 1957, Harding also executed an easement in favor of Maurice Lauridsen, who purchased from Harding the lot at 32 Barton Lane, which is situated to the east of the defendants' property, granting to him the right to use the easterly twenty-five feet of the fifty-foot-wide accessway to Barton Lane.[2] This easement, unlike the one conveyed to Swan, was recorded in the Greenwich Land Records. In 1980 Swan sold the lot to the defendants, without reference in her deed to the defendants of an easement.
In 1983, Phillips sold his lot to the plaintiffs without reference that the conveyance was subject to an easement over the property. Although, the contract of sale to the plaintiffs did refer to the rights of others to use the accessway, the plaintiffs did not want that phrase to appear in their deed from Phillips because such rights did not appear in the chain of title. Nevertheless, Phillips insisted on a separate written acknowledgment of these rights in order to protect himself from a possible lawsuit by those using the driveway in question. Therefore, plaintiffs signed an acknowledgment that they understood and were aware at all times that the accessway to CT Page 10980 their premises was being used by the Webbers for ingress and egress to their property. In 1984, the plaintiffs asked the defendants to sign a document giving the defendants permission to use the driveway but acknowledging that all the defendants had was a temporary license from the plaintiffs, and not an easement. The defendants refused to sign this document, and this suit ultimately ensued.
In 1986, Swan executed a quitclaim or corrective deed to the defendants including the right to use the accessway for ingress and egress to Barton Lane, a phrase which had been omitted in the 1980 deed from Swan to the defendants. Also, in 1986, the defendants attempted to work out with the plaintiffs a solution to the controversy over the driveway which were fruitless. This attempt, however, did not constitute a recognition by the defendants that they possessed only a temporary license over the driveway, and not an easement.
The first issue is whether the defendants have an easement by virtue of an express grant. The 1957 grant of an easement from Harding to Swan for the use of Harding's accessway, which included a reference to Swan's "heirs and assigns," would have sufficed as an express grant if it had been recorded in the land records. The grant was not recorded, however, and because of General Statutes § 47-33d(2), the Marketable Title Act, such unrecorded grant is ineffective to create an express grant by deed. "A person who claims title by deed is claiming that he has good record title which entitles him, in an action to quiet title, to a judgment of ownership. " (Internal quotation marks omitted.) Marrin v. Spearow, 25 Conn. App. 398, 402,646 A.2d 254 (1994). The attempt by Swan to create an easement over property belonging to someone else, the plaintiffs, was also ineffectual.
Regarding an easement by prescription, General Statutes § 47-37 provides that: "[n]o person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years." An easement by prescription is established "by proving an open, visible, continuous and uninterrupted use for fifteen years made under a claim of right. . . . The standard of proof that is required is a fair preponderance of the evidence." (Citations omitted.)Gioielli v. Mallard Cove Condominium Association, Inc.,37 Conn. App. 822, 829, 658 A.2d 134 (1995). The plaintiffs CT Page 10981 concede that the defendants' use of the accessway has been open, visible, continuous, and uninterrupted for fifteen years. The plaintiffs do not, however, concede that such use was made under a "claim of right." A claim of right has been described as existing "only if the user does not recognize the right of the owner of the servient tenement to prevent the use. . . . When the user has permission from the servient owner to use the property, the use is not prescriptive because the user has notice of the owner's right to terminate the use." (Citations omitted.)Stiefel v. Lindemann, 33 Conn. App. 799, 810,638 A.2d 642 (1994). The defendants used the driveway believing that they had a right to do so because of the Harding grant to Swan of an easement, and the quitclaim deed from Swan to the defendants which included the easement. Neither document was effective to convey an easement, but "[w]here the use began as the result of an ineffective or invalid grant, that fact does not negate its adverse character but tends rather to emphasize that it was made under a claim of right." (Internal quotation marks omitted.) Id. Moreover, the plaintiffs signed a written acknowledgment that they understood that their driveway was subject to use by others.[3]
Thus, the defendants have proved by a fair preponderance of the evidence that they possess an easement or the right to use the plaintiffs' driveway to the point of entrance to the driveway of the defendants' property, and not beyond, which right must follow the prohibition against parking and interfering with "the free and unobstructed use of said . . . strip by others," as set forth in the grant from Harding to Swan, the defendants' predecessor in title. The plaintiffs' action to settle exclusive title in the driveway is denied, and judgment enters in favor of the defendants in that they have established an easement by prescription that runs with the land to use the plaintiffs' driveway to Barton Lane.[4]
Costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 18th day of September, 1995.
William B. Lewis, Judge
[EDITORS' NOTE: THE MAP IS ELECTRONICALLY NON-TRANSFERRABLE.] CT Page 10982