[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 7996
Statement of the Case
This is an action instituted by the plaintiffs, John and Joanne Kucej, against the defendants, Katherine and Edwin Knetzger, claiming that the plaintiffs acquired a prescriptive easement over property of the defendants and that the defendants have taken actions to preclude them from exercising this prescriptive right. In their prayer for relief, the plaintiffs seek damages, declaratory relief and injunctive relief. The trial of this case was held on September 11 through 13, 1996 and produced the following evidence.
Finding of Fact
This action involves a strip of land between the buildings located at 1015 Fairfield Beach Road and 1007 Fairfield Beach Road, Fairfield, Connecticut. 1015 Fairfield Beach Road is owned by the defendant Katherine Knetzger; and 1007 Fairfield Beach Road is owned by the defendant Edwin Knetzger.
The plaintiffs, John and Joanne Kucej, purchased 1011 Fairfield Beach Road, which is located to the rear of defendants' properties, in 1992.
Katherine Knetzger's property at 1015 Fairfield Beach Road was previously owned by Dr. Jerome Bernstein from January 1956 to September 1986. Dr. Bernstein rented this property during the entire period of his ownership. During this same time period Dr. Bernstein also owned nearby property known as 1021 Fairfield Beach Road, Fairfield, Connecticut. Between 1964 and 1974, Dr. Bernstein used the property as a summer residence only.
Between the buildings on 1015 and 1007 Fairfield Beach Road is a strip of land. This strip of land was entirely owned by Dr. Bernstein, except for part of the sidewalk adjacent to 1007 Fairfield Beach Road. The front end of this strip of land fronted Fairfield Beach Road; the rear end fronted "Old Traveland Way." In 1958, Dr. Bernstein had this strip of land paved in order to give him better access to and from his home at 1021 Fairfield Beach Road.
Dr. Bernstein gave the prior owners of 1007 Fairfield Beach CT Page 7997 Road, Mr. and Mrs. Bruer, permission to use this paved strip of land but he did not give this permission to any one else. Dr. Bernstein tried to prevent people from using this area. At various times he asked both his tenants and the Bruers to discourage people from using the area. He also obstructed the area at times with physical structures. He never intended to convey any part of his property to anyone and did not believe that he did.
On the other hand, Dr. Bernstein was aware that neighbors did use this access area as a means to travel between Old Traveland Way and Fairfield Beach Road. Mrs. Reed was a prior owner of plaintiff's property at 1011 Fairfield Beach Road. Mrs. Reed died in 1990. Dr. Bernstein testified that he occasionally saw Mrs. Reed drive her car across the paved strip of land. He did not tell her not to do so in order to avoid being unneighborly. Also, Dr. Bernstein himself was not physically present at the property much of the time, and therefore, he often did not have the opportunity to see who used the access area. As indicated earlier, he stopped using 1021 Fairfield Beach Road even as a summer residence after 1974, and he never resided at 1015.
The evidence is clear that from the 1960's until 1992 when the defendant, Katherine Knetzger purchased 1015 Fairfield Beach Road, neighbors specifically and the public generally used the access area in order to travel between Old Traveland Way and Fairfield Beach Road. The evidence indicates that neighbors and their tenants knew that this area was privately and not publicly owned, but over the years, their use of the area was neither discouraged nor restricted in any significant manner on a consistent basis. There is no evidence indicating that the use of this access area by Mrs. Reed was significantly different from the use of this area by the general public or by other neighbors.
Katherine Knetzger purchased 1015 Fairfield Beach Road in June, 1993. Her husband, Edwin Knetzger, purchased 1007 Fairfield Beach Road in July, 1993. In 1994, they began construction work on 1015, and the contractor put up a fence to preclude motor vehicles from passing over the access area. This fence was replaced by boulders after the fence was cut by unknown persons. After the construction was completed, the defendants grassed the area and planted large hedges which precluded vehicular travel altogether. This blockage has caused CT Page 7998 serious inconvenience and alarm to certain neighbors and to the plaintiffs specifically. Mr. Kucej testified that the blockage has adversely affected the value of his property.
The evidence further establishes that the deeds, surveys and title searches regarding 1015, 1007, or 1011 Fairfield Beach Road fail to indicate the existence of an easement over the defendants' property. The defendants offered evidence that the value of their property would be adversely affected by the existence of the easement as claimed by the plaintiffs.
DISCUSSION
Section 47-37 of the Connecticut General Statutes provides that: "No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years." To acquire a right of way by prescription, the use must be open, visible, continuous and uninterrupted for fifteen years, and made under a claim of right. Putnam, Coffin Burr, Inc. v. Halpern,154 Conn. 507, 515, 227 A.2d 83 (1967).
The plaintiffs have failed to meet their burden of proof that either they or their predecessors in interest acquired a prescriptive easement over the strip of land in question. More specifically, plaintiffs have failed to establish an uninterrupted, adverse use made under a claim of right that existed continuously for fifteen years.
A use made under a claim of right means a use that is without recognition of the rights of the owner of the servient tenement. Zavisza v. Hastings, 143 Conn. 40, 46, 118 A.2d 902
(1955). "Where the use of a right-of-way is in common with the public, the common use is considered to negate a presumption of grant to any individual use. In such a case, the individual user must, in order to establish an individual prescriptive right, perform some act of which the servient owner is aware andwhich clearly indicates his individual claim of right. Krohnerv. Seyburt Associates Limited Partnership, 20 Conn. App. 298,301, 566 A.2d 995 (1989), cert. denied, 213 Conn. 814, 569 A.2d 550
(1990). (Emphasis added). CT Page 7999
In the instant case, the access area was used by neighbors and the general public, including plaintiff, for many years as a convenient means to travel between Old Traveland Way and Fairfield Beach Road, but as stated above, this use by plaintiffs and their predecessor in interest, Mrs. Reed, was no different from the use of the public generally. Plaintiffs did not offer any evidence indicating that Mrs. Reed performed some act clearly indicating that she had some individual or personal right to use this access area. Furthermore, there certainly was no evidence that Mrs. Reed performed any such act to the knowledge of Dr. Bernstein. The evidence merely shows that Mrs. Reed travelled over the access area in a manner similar to other neighbors and that Dr. Bernstein on occasion noticed this use. This evidence is insufficient to establish a prescriptive easement under G.S. § 47-37. Krohner v. Seyburt AssociatesLimited Partnership, supra, 20 Conn. App. 301.
Additionally, plaintiffs have failed to establish by a preponderance of the evidence that any adverse use by them or their predecessors was continuous and uninterrupted for at least fifteen years. One of the plaintiffs' witnesses, George Ganim, Sr., testified that he owned property in the area since 1967, and that during this time period, he would sometimes see Mrs. Reed use the access area. The testimony of another witness for the plaintiffs, Thomas Ganim, was similar to George Ganim's testimony. However, no evidence was offered showing exactly how long Mrs. Reed owned 1011 Fairfield Beach Road or the extent to which she used the access area. This evidence would be important especially because Mrs. Reed used her property as a summer residence only and was not there for much of the year. Thus the evidence shows that Mrs. Reed used the access area on an occasional basis over a period of time, but does not show that she used the area on a continuous and uninterrupted basis for at least fifteen years.
CONCLUSION
Therefore, for all the foregoing reasons, judgment enters in favor of the defendants.
Dated this 24th day of October, 1996.
STEVENS, JUDGE CT Page 8000