[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal, by application for a reassessment of damages, filed by the plaintiff for the taking of certain real property, situated in the town of Meriden and more particularly bounded and described as follows:
 A certain piece or parcel of land containing 3,729 square feet, more or less, a right to grade and install bituminous concrete curbing containing 750 square feet, more or less, a right to construct driveways containing 4,300 square feet, more or less, a right to remove guardrail, and a right to install type `C-1' catch basins and 15" R.C.P., all as shown on a map entitled "City of Meriden Map Showing Land Acquired from Manuel A. Pombo by The City of Meriden East Main Street Road Improvements", Joseph A. Franco Director Public Works/City Engineer, by Pierre Blanchet, PE/LS, Associate City Engineer, Scale 1"-40 feet, dated December 1992 and revised to 7/30/93, said parcel being more particularly bounded and described as follows:
 WESTERLY: By land now or formerly of Parkade Realty Trust, 6.8 feet, more or less;
NORTHERLY: By East Main Street, 354 feet, more or less;
 EASTERLY: By land now or formerly of Parkade Realty Trust, 36 feet, more or less; CT Page 8300
 SOUTHEASTERLY: By remaining land of the Grantor, as shown on said map, 326 feet, more or less, a portion (92 feet, more or less, of which is along a curved line.
was referred to the undersigned, a Judge Trial Referee, to view the land, take testimony and reassess damages.
A hearing was held on April 23, 1997. A viewing of the premises was held on June 16, 1997.
"Damages recoverable for a partial taking are measured by application of the before and after rule to determine the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value. . . ."
"In condemnation proceedings, the trial court is more than a trier of facts or an arbiter of differing opinions of witnesses; it is charged with the duty of making an independent determination of value and fair compensation in light of all the circumstances, the evidence, its general knowledge and its viewing of the premises." D'Addario v. TransportationCommission, 180 Conn. 355, 365.
The land was appraised by the plaintiff's appraiser at $60,000. The City's appraiser appraised the land at $22,400. The court finds the value of the land to be $52,800. The value of guards and the depreciated value of the land and curbing was totalled to be $2,000.
The plaintiff wants to be compensated for some loss resulting from a taking of a prescriptive easement or adverse possession. This claim pertains to the use of the land abutting the highway. This applies to the parking of the cars on the land and the use of the air above the highway.
 "Under article first, § 11, of the Connecticut constitution, no property shall be taken for a public use without just compensation. This means a fair equivalent in money for the property taken from the condemnee as nearly as its nature will permit. Ordinarily, although not necessarily, this is the market value of the property taken. But the question of what CT Page 8301 is just compensation is an equitable one rather than a strictly legal or technical one. The paramount law intends that the condemnee shall be put in as good condition pecuniarily by just compensation as he would have been in had the property not been taken."
 Colalucci v. Ives, 150 Conn. 521, 530.
The parking of cars was testified to by Dominic Caruso. He stated that he served as zoning enforcement officer and assistant with the zoning office. He stated that he had a problem with the parking of cars on the land. He testified that he would go out and find the cars on the land within 15 feet of East Main Street. [Zoning Code § 213.41 G(5)]. He stated that whenever he asked that the cars be removed, they were removed. Specifically, he stated that in the past five years, he recalled going out to the premises three times.
Mr. Pombo testified that the parking on the strip of land continued from time to time. The appraiser's report contained a copy of the deed to the premises dated October 12, 1972.
The plaintiff's position is taken on the following quotation in his brief.
 "If an individual uses the property in a manner that is distinct and unique to that individual and in a manner which would restrict public access to the property, he gains an easement by prescription if he satisfies the elements of adverse possession as set forth above. Krohner vs. Seyburt Associates Ltd. 20 Conn. App. 298, 566 A.2d 995
(1989)."
Plaintiff's Brief, p. 7.
The defendant would have the situation appraised as inAmerican Trading Real Estate Properties, Inc. v.Trumbull, 215 Conn. 68, 80.
 "In light of the myriad of public uses that may be advanced through public ownership of undeveloped lands, we also hold that property that is held in fee simple ownership by municipalities must be presumed to be held for public use. It follows that the party seeking title by adverse possession must bear the burden of rebutting that presumption. Municipal CT Page 8302 immunity from adverse possession is the rule and not the exception, and we have consistently held that the party seeking to acquire title by adverse possession bears the burden of proving all the elements of adverse possession. Roche v. Fairfield, 186 Conn. 490, 498, 442 A.2d 911 (1982); Loewenberg v. Wallace, 147 Conn. 689, 699, 166 A.2d 150
(1960). Moreover, the rationale underlying the immunity of municipalities from adverse possession, that the public should not lose its rights to property as a result of the inattention of a governmental entity; see G. Thompson, Real Property (1979) § 2556, p. 694; applies with even greater force to situations involving undeveloped lands, which may, by their nature, garner even less attention from local governments suffering from the constraints of scarce fiscal resources." pp. 80-81."
"Title to realty held in fee by a state or any of its subdivisions for a public use cannot be acquired by adverse possession." Goldman v. Quadrato, 142 Conn. 398, 402, 403;55 A.L.R.2d 559 § 34.
The undersigned finds that no prescriptive easement or adverse possession arose on the strip of land abutting the highway. The plaintiff has been paid for the depreciated value of the land.
The undersigned finds the fair value of the property on the date of taking was $54,800, and that the damage should be reassessed accordingly.
The State Referee further finds that $24,400 was deposited by the defendant with the clerk of this court for the use of the persons entitled thereto on account of the damages to be awarded, and that the deficiency between the fair value of the property and the amount so deposited is $30,400.00; that as a part of the costs in this action the defendant should pay the plaintiff reasonable appraisal fees in the amount of $3,750.00 and reasonable fees for expert testimony in the amount of $800.00, incurred in connection with this appeal.
Whereupon it is adjudged that the damages be and they are hereby assessed at $54,800, and that the defendant shall pay to the plaintiff $30,400 being the amount of the deficiency as above determined, together with interest thereon from the date of the taking of the premises to the date of payment, together with cost CT Page 8303 taxed at $ ______.
Any other claims of law are judged as insufficient as a matter of law.
Robert P. Burns Judge Trial Referee