## DALTON ENTERPRISES, INC. *v.* BOSTON AND MAINE CORPORATION*

| Superior Court | Judicial District of New Haven at Meriden | File No. 254244S |
| --- | --- | --- |

Memorandum filed February 18, 1997

---

* Affirmed. *Dalton Enterprises, Inc.* v. *Boston & Maine Corp.*, 48 Conn. App. 251, 707 A.2d 347 (1998).

*Hitt & Sachner*, for the plaintiff.

*Gaffney, Kane, Reynolds, Sullivan & Vollmer*, for the defendant.

DIPENTIMA, J. In this declaratory judgment action, the plaintiff, Dalton Enterprises, Inc., claims title to an easement by prescription over land to which the defendant, Boston and Maine Corporation, has record title. By special defense, the defendant raised the following issue before the court in its motion for summary judgment: Is this action barred pursuant to General Statutes § 47-27?

Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 105, 639 A.2d 507 (1994); *Telesco* v. *Telesco*, 187 Conn. 715, 718, 447 A.2d 752 (1982); *Yanow* v. *Teal Industries, Inc.*, 178 Conn. 262, 268, 422 A.2d 311 (1979). A "material" fact is one that will make a difference in the outcome of the case. *Hammer* v. *Lumberman's Mutual Casualty Co.*, 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling on a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. *Michaud* v. *Gurney*, 168 Conn. 431, 433, 362 A.2d 857 (1975).

The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. *Dowling* v. *Kielak*, 160 Conn. 14, 16, 273 A.2d 716 (1970); *Dorazio* v. *M. B. Foster Electric Co.*, 157 Conn. 226, 228, 253 A.2d 22 (1968). "In deciding a motion for summary judgment, the trial

court must view the evidence in the light most favorable to the nonmoving party." *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 780–81, 595 A.2d 334 (1991).

In its motion, the defendant acknowledges that the issue of determining the existence of a prescriptive easement is one for the trier of fact. Nevertheless, it claims that, even if the allegations in the complaint are true, the plaintiff cannot prevail as a matter of law.

For purposes of this motion, the following facts as alleged in the complaint are not in dispute. The defendant is a railroad corporation, and the land in dispute includes an inactive railway. The plaintiff's property on its western boundary abuts that of the defendant. Beginning in 1965, the plaintiff's predecessor in title passed and repassed and stored vehicles, equipment and material on the eastern half of the defendant's property where it abuts the plaintiff's property. That use has been continuous to date by either the predecessor in title or by the plaintiff. The railway has been inactive since November, 1994.

Section 47-27 provides: "Title by adverse possession by or against railroad and railway companies. No length of possession, user or occupancy of land belonging to a railroad or street railway corporation and used for its corporate purposes shall create or continue any right in or to such land. No length of possession, user or occupancy by a railroad or street railway corporation of land belonging to another shall create or continue any right in or to such land."

The plaintiff does not contest the applicability of this statute to claims of adverse possession. *Wamphassuc Point Property Owners Assn.* v. *Public Utilities Commission*, 154 Conn. 674, 679, 228 A.2d 513 (1967). Rather, it argues that because the defendant has not

used the land "for its corporate purpose" since November, 1994, the statute does not apply to bar this action. The defendant concedes for purposes of this motion that the corporate purpose did terminate in November, 1994, but argues that, even so, the plaintiff cannot prevail.

General Statutes § 47-37 provides that "[n]o person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years." If § 47-27 applied to bar this action prior to November, 1994, the defendant claims that the fifteen year period would not begin until November, 1994, and this action would be premature.

Section 47-27 provides in pertinent part that "[n]o length of possession, user or occupancy of land belonging to a railroad or street railway corporation and used for its corporate purposes *shall create* or continue any right in or to such land. . . ." (Emphasis added.) The court reads this provision to mean that during the use of the land by the railway for corporate purposes, the time period under § 47-37 does not run. See *Lake Wangumbaug Assn., Inc.* v. *Lakeside, Inc.*, 17 Conn. Sup. 304, 305 (1951) (no right by prescription ran against defendants or their predecessors in title while land owned by railroad company). " 'When the words of a statute are plain and unambiguous, we need look no further for interpretive guidance because we assume that the words themselves express the intention of the legislature.' . . ." (Citations omitted.) *Norwich* v. *Housing Authority*, 216 Conn. 112, 117–18, 579 A.2d 50 (1990); *Windham Taxpayers Assn.* v. *Board of Selectmen*, 234 Conn. 513, 532–33, 662 A.2d 1281 (1995).

In addition to the clear language of the statute, the policy behind the statute supports this interpretation. The plaintiff argues that § 47-27 does not apply to this

action at all because at the time it brought this action the defendant was not using the land for its corporate purpose. If the court adopted the plaintiff's reasoning, then even during a temporary lapse in the corporate use of the land, a prescriptive easement could arise. That could not have been the intent of the legislature. The legislature's intent was to protect lands for public transportation so that adverse use would not create a prescriptive easement while the property was used as a railroad. The parties agree that the railroad purpose ended in November, 1994.[1] Accordingly, under §§ 47-27 and 47-37, there is no genuine issue as to the fact that the plaintiff's adverse use of the property which, by law, began in November, 1994, has not continued uninterrupted for the requisite fifteen years. Accordingly, the plaintiff cannot prevail on its claim for an easement by prescription.

Judgment may enter for the defendant.

---

[1] There is no contention on the part of the plaintiff that from 1965 to 1994 the land was not used for its corporate purpose. If there were, this motion would be denied.