# DALTON ENTERPRISES, INC. *v.* BOSTON AND MAINE CORPORATION
## (AC 16977)

Lavery, Sullivan and Dupont, Js.

Argued January 22—officially released March 31, 1998

*James M. Miele*, for the appellant (plaintiff).

*Robert N. Reynolds, Jr.*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Dalton Enterprises, Inc., appeals from the summary judgment rendered in favor of the defendant, Boston & Maine Corporation. The plaintiff sought a declaratory judgment giving it an easement by prescription over certain land belonging to the defendant. On appeal, the plaintiff claims that the trial court improperly determined that General Statutes § 47-27[1] barred the plaintiff from acquiring a prescriptive easement over the defendant's property. We affirm the judgment of the trial court.

---

[1] General Statutes § 47-27 provides: "Title by adverse possession by or against railroad and railway companies. No length of possession, user or occupancy of land belonging to a railroad or street railway corporation and used for its corporate purposes shall create or continue any right in or to such land. No length of possession, user or occupancy by a railroad or street railway corporation of land belonging to another shall create or continue any right in or to such land."

The plaintiff owns land in Cheshire adjacent to land owned by the defendant, a railroad corporation. Until November, 1994, the defendant's affiliate, the Springfield Terminal Company, operated a railroad on the land owned by the defendant. Since November, 1994, the railway on this land has remained inactive.

The trial court held that § 47-27 applied to bar the plaintiff from adversely possessing the disputed parcel during the period from 1965 to 1994 when the defendant railway company used the property for its corporate purpose.[2] Given this statutory bar, the trial court determined that the plaintiff's adverse possession of the disputed parcel did not commence until November, 1994, when the defendant ceased to use the property for its corporate purpose and that accordingly, the action was premature.[3]

A necessary element of a claim of easement by prescription is the continuous use of the land for a period of fifteen years. General Statutes § 47-37; *Reynolds* v. *Soffer*, 190 Conn. 184, 187, 459 A.2d 1027 (1983); *Gioielli* v. *Mallard Cove Condominium Assn., Inc.*, 37 Conn. App. 822, 829, 658 A.2d 134 (1995). The plain language of § 47-27 prevents the *creation of* any interest in the disputed parcel during the period of corporate use of the land. This statute accordingly serves as a toll on the time period necessary for the creation and perfection of prescriptive rights on the disputed parcel while the land is being used for the defendant's corporate purposes.

[2] The plaintiff does not dispute the fact that prior to the discontinuance of operation of the railway on the disputed parcel in 1994, the property was being used for the defendant's corporate purpose. Further, the defendant does not dispute the fact that since the discontinuance of operation of the railway in 1994, the disputed parcel has not been used for its corporate purpose.

[3] General Statutes § 47-37 provides: "No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years."

We conclude that the trial court correctly interpreted § 47-27 as applied to this case. This statute serves as a toll on the time period necessary for creating a prescriptive easement. In a thoughtful, comprehensive and well-reasoned memorandum of law, the trial court addressed the arguments of the parties. We could not state and resolve the issue any better and, therefore, adopt the trial court's decision. See *Dalton Enterprises, Inc.* v. *Boston & Maine Corp.*, 45 Conn. Sup. 251, 709 A.2d 611 (1997).

The judgment is affirmed.